[No. 3,888.]

## H. B. MITCHUM *v.* JOHN STANTON, ALFRED MEAD AND G. W. WARE.

UNDERTAKING IN REPLEVIN.—If an undertaking, in an action of replevin commenced in a Justice's Court, limits the liability of the persons who execute it to a judgment for a return of the property rendered by the Justice, and such judgment is not recovered in the Justice's Court, a recovery cannot be had on the undertaking, even if, on appeal, such judgment is rendered by the County Court.

IDEM.—If the statutory form of the undertaking is followed, the defendant can recover the value of the property and costs, upon a judgment in his favor in the appellate Court.

IDEM.—The sureties, in an undertaking in replevin, are not liable to the defendant for the value of the property, unless he recovers a judgment for the return of the property. A judgment in favor of the defendant which does not award him a return of the property, does not impose any liability on the sureties.

APPEAL from the District Court, Tenth Judicial District, County of Colusa.

The plaintiff stated in his complaint, that, in August, 1871, he was a Constable in said county, and that defendant Stanton and B. F. Maxon, commenced an action of replevin before O. S. Mason, a Justice of the Peace, in Colusa township, said county, against him, to recover the possession of eighty-five sacks of wheat which he had in his possession, by virtue of a writ of attachment issued out of a Justice's Court, in an action wherein one Gibson was plaintiff, and said Maxon and Stanton were defendants, or to recover $200, the value thereof, if a return could not be had. That Stanton and Maxon caused to be executed an undertaking, of which the following is a copy:

"John Stanton and
B. F. Maxon,
          Plaintiffs,
    *v.*
B. B. Mitchum,
  Constable of Colusa township,
        Defendant.

Whereas, the plaintiffs in the above entitled action have this day filed their complaint in the above named Court against the defendant in said action, claiming the delivery of the following personal property in said Colusa county, State aforesaid, to wit: eighty-five sacks of grain, of the value of two hundred dollars gold coin.

Now, therefore, we, John Stanton as principle, and A. Mead and G. W. Ware as sureties, do hereby agree and undertake, and are bound, in consideration of said delivery, in the sum of four hundred dollars, for the prosecution of the action for the return of the said property to the said defendant, if return thereof be adjudged *by the said Court,* and for the payment to the said defendant of such sum as may, for any cause, be recovered against the said plaintiffs, not exceeding the sum of four hundred dollars.

In witness whereof, we have hereunto set our hands and seals this eighth day of August, A. D. 1871."

"John Stanton,   [seal]

"Alfred Mead,   [seal]

"G. W. Ware."   [seal]

That the undertaking was filed in the Justice's Court, and the wheat was then taken from the defendant therein, (the plaintiff here) and delivered to Stanton and Maxon.   That the action was tried, and the jury rendered a general verdict for the defendant, but failed, through ignorance of the law, to find the value of the wheat, and thereupon the Justice rendered a judgment in favor of the defendant for $30 25 costs of suit.   That the defendant (this plaintiff) appealed to the County Court, and on the 18th day of July, 1872, recovered a judgment in the County Court for the return of the wheat, or for two hundred dollars the value thereof, if a return could not be had, together with $127 60 costs of suit.   Judgment was asked for $200, the value of the property, and $127 60 costs.   The defendants demurred to the complaint.   The Court sustained the demurrer, and the plaintiff declining to amend, judgment was rendered for the defendants.   The other facts are stated in the opinion.

The plaintiff appealed.

*F. L. Hatch*, for the Appellant.

The argument of respondent is that the liability of a surety cannot be extended beyond the strict terms of his contract, and that as the undertaking was limited to a judgment in the Justice's Court, the sureties are not holden. A rational interpretation must be given to the language of the contract. (*People* v. *Breyfogle*, 17 Cal. 504.)   Undertakings must be read in the light of the statute. (*Heynemann* v. *Eder*, 17 Cal. 433; *Swain* v. *Graves*, 8 Cal. 549.) The words "by the said Court" are surplusage, and do not limit the liability of the sureties.   Their liability is fixed by the statute.   The undertaking binds the sureties to pay the defendant "such sum as may, for any cause, be recovered against the plaintiffs," and this clause does not de-

pend on a judgment for a return of the property. They are two separate covenants, and by it the sureties were certainly bound to pay our judgment for costs.

*P. Vanclief,* for the Respondent.

The undertaking limits the liability of the sureties to a judgment in the Justices' Court. The statute, (section 559 of the Practice Act,) binds the sureties for any judgment recovered *in the action.* Sureties may stand on the precise terms of their contract. (*Tarpy* v. *Shillenberger,* 10 Cal. 390; *Clary* v. *Rolland,* 24 Cal. 147; *Nickerson* v. *Chatterton,* 7 Cal. 568; and *Chambers* v. *Waters,* 7 Cal. 390.)

By the Court, McKINSTRY, J.:

The undertaking sued on is entitled, "In the Justices' Court of Colusa Township," and after reciting the commencement of an action to recover certain personal property, proceeds: "Now, therefore, we, John Stanton as principal, and A. Mead and G. W. Ware as sureties, do hereby agree and undertake, and are bound, in consideration of said delivery, in the sum of four hundred dollars, for the prosecution of the action for the return of the said property to the said defendant, if return thereof be adjudged by the said Court, and for the payment to the said defendant of such sum as may, for any cause, be recovered against the said plaintiffs, not exceeding the sum of four hundred dollars."

If the statutory form had been followed, the plaintiff in this action (by reason of his judgment in the County Court) could have recovered the value of the property and costs. But the words "by said Court" limited the liability of his sureties, and the Justice's Court did not adjudge a return of the property.

If it could be maintained that in a proper jurisdiction the plaintiff would be entitled to recover his costs, the amount of costs in this case was less than the sum of which the District Court had jurisdiction.

Nor can plaintiff recover by reason of the words, "and

for the payment to the said defendant of such sum as may, for any cause, be recovered against the plaintiffs."

Assuming that these words relate to any other than such sum as might be recovered by way of damages for the detention of the property, the judgment in this class of cases is in the alternative for the return of the property, or its value. Hence, the sureties to such an undertaking cannot be held to pay its value, unless a judgment for the return is rendered. The primary purpose of the action is the redelivery of the specific property, and by their contract the sureties were not to pay the value unless a return of the property should be adjudged by the Justice's Court.

Judgment dismissing action and sustaining demurrer affirmed.

Neither Mr. Justice Crockett nor Mr. Justice Rhodes expressed an opinion.