[S. F. No. 2258.   In Bank.—March 4, 1903.]

WILLIAM SHAUGHNESSY et al., Respondents, v. AMERICAN SURETY COMPANY, Appellant.

MECHANICS' LIENS—VOID BOND OF CONTRACTOR—CONSTITUTIONAL LAW. —The provision of section 1203 of the Code of Civil Procedure requiring contractors for the erection of buildings to secure their contracts by bonds is unconstitutional in that it undertakes to make a discrimination upon the subject not founded upon any natural, inherent, or constitutional distinction.  A bond of a contractor which expressly recites that it is given in pursuance of that section is void, and cannot be upheld as a common-law bond.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.  J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

William M. Abbott, and Charles A. Shurtleff, for Appellant.

William H. Jordan, for Respondents.

McFARLAND, J.—The following opinion, prepared by Henshaw, J., was delivered when this case was in Department:—

"This action is against the defendant surety, on an undertaking given in pursuance of section 1203 of the Code of Civil Procedure. It is brought by materialmen who furnished materials to the contractor. The bond, as to its terms and conditions, is not only precisely that contemplated by the above cited section, but it is expressly recited in the instrument that it is given 'in pursuance of section 1203 of the Code of Civil Procedure.' It has been decided by this court in Bank (*Gibbs* v. *Tally*, 133 Cal. 373,) that so much of section 1203 of the Code of Civil Procedure as exacts this undertaking is unconstitutional and void. It follows, therefore, that the undertaking itself is void, unless, as contended by respondents, it should be upheld as a voluntary common-law obligation. We cannot perceive how the bond under consideration can be upheld upon this theory. It is not the case where a valid statute requires a bond and the bond given is defective. It is a case where the statute requiring the bond is itself unconstitutional because of this exaction. In *Coburn* v. *Townsend*, 103 Cal. 233, the action was upon a bond given in condemnation proceedings under section 1254 of the Code of Civil Procedure, and this court said: 'In the first place, the provision of the code, and of the statute which preceded the code, under which the orders for possession were made in the condemnation proceedings, was held to be and was unconstitutional, and the bonds or undertakings here sued on were void.' (*Cassel* v. *Scott*, 17 Ind. 514; *Poole* v. *Kermit*, 59 N. Y. 554; *Canal Co.* v. *Roberts*, 62 Tex. 615.) This bond was given to secure a statutory privilege upon conditions to its enjoyment imposed by the statute, but the privilege was a constitutional privilege, which could not be interfered with by statute. The undertaking was therefore wholly without consideration and void."

Upon further consideration of the case we adopt the foregoing opinion; for while in *Gibbs* v. *Tally*, 133 Cal. 373, the rights of the owner of the building were only directly involved, yet the principle of the decision covers the invalidity, of section 1203 as to the contractor. In the opinion in that case it is not only said that the section "places an unreason-

able restraint upon the owner of the property in regard to the use thereof,'' but that ''it is also an unreasonable and unnecessary restriction upon the power to make contracts.'' As there said, a compulsory bond may not be as great a burden upon the contractor as upon the owner; but the difference is one of degree, and not of kind. Section 15 of article XX of the state constitution specifically provides that mechanics, materialmen, etc., shall have a lien. But a right to a ''lien'' does not include the right to every onerous burden which may be thought to be advantageous to the favored creditors; the burden sought to be enforced must be something that can reasonably be considered as naturally a part of the thing granted—*the lien.* But a lien on real property is a thing entirely different and distinct from a personal obligation in the form of a bond; the latter is not included in the former, and is indeed a totally different kind of security. The requirement of such a bond is entirely outside the protection of said constitutional provision as to mechanics' liens; and it is violative of constitutional safeguards of both the state and the federal constitutions. Why should those who contract about erecting a building be compelled to secure their contracts by bonds, while those making contracts about the innumerable other subjects of contracts are not subjected to that burden? Whether or not a general law requiring all persons making contracts of any kind to secure their fulfillment by bonds would be an unconstitutional restraint of the common right of citizens to contract, need not be here considered; for the section in question here undertakes to make a discrimination upon the subject not founded upon any natural, inherent, or constitutional distinction, and is therefore invalid. In the case of *Carpenter* v. *Furrey,* 128 Cal. 665 (a Department case), it does not appear how fully the attention of the court was called to these considerations; but if there is anything in that case inconsistent with the views here expressed, it must be held to have been overruled by the said subsequent case of *Gibbs* v. *Tally,* 133 Cal. 373, decided in Bank.

It is contended that the bond in question may be considered as a voluntary common-law bond, given without any reference to the statute. Whether in any case it could be supposed that

a sane man, not fearing the compulsion of the statute, would voluntarily give such a bond as is described in section 1203 of the Code of Civil Procedure, running to nobody and enforceable by anybody who in the future could bring himself within its range, is a question not here presented. In the case at bar it is expressly stated on the face of the bond that it is given in compliance with section 1203.

The judgment and order appealed from are reversed and the cause remanded.

Angellotti, J., Shaw, J., Van Dyke, J., and Lorigan, J., concurred.