[S. F. No. 3042. In Bank.—June 2, 1903.]

SAN FRANCISCO LUMBER COMPANY, Appellant, v.
D. H. BIBB et al., Respondents.

BUILDING CONTRACT—INVALID BOND OF CONTRACTOR.—A bond to secure a building contract, which clearly appears to have been given in pursuance of, and which incorporates the unconstitutional provisions of, section 1203 of the Code of Civil Procedure, though it does not so expressly declare, so as to make the bond expressly inure to the benefit of all persons who perform labor for, or furnish material to, the contractor or his agent, is wholly void, and cannot be sustained as a common-law bond.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

William H. Jordan, and Walter S. Brann, for Appellant.

Alexander G. Eells, for Respondents.

LORIGAN, J.—This is an action on a contractor's bond. The bond in question, by all its provisions, and in express terms, ran in favor of the owner of the contemplated structure. It provided that the contractor should perform all the terms of a certain building contract, entered into between the owner and himself, with a liability in her favor for damages not exceeding

twenty-four hundred dollars, with a further provision, that if he should perform his contract, the obligation of the bond should be discharged.

All these various provisions ran solely in favor of the owner of the building by name.

At the end of the bond, however, the following provision was inserted: "This bond and undertaking shall inure to the benefit of any and all persons who perform labor for, or furnish material to, the said John Furness, or any person acting for him or by his authority," and it is the effect of this general provision which is here particularly involved.

The plaintiff furnished to the contractor materials which were used in the construction of the building, and, not having been paid, brought this action on the bond to recover their value. The case was submitted to the lower court on an agreed statement of facts, and from a judgment in favor of the defendants, as sureties, the plaintiff appeals.

The respondents urge that the bond under consideration, being obviously given in pursuance of section 1203 of the Code of Civil Procedure, is void; and this contention must be sustained.

While the bond does not expressly declare that it is given pursuant to said section, the facts in the case clearly show that it was. It is alleged in the complaint (all the allegations of which in the agreed case are found to be true) that this bond "by the provisions of section 1203 of the Code of Civil Procedure . . . was made to inure to the benefit of all persons . . . furnishing materials to be used in the construction of said building." It is conditioned in a penalty of twenty-four hundred dollars, which appears to be twenty-five per cent of the contract price, as the said section requires. The general clause in the bond under which appellant claims,—to wit, "This bond and undertaking shall inure," etc., is a bodily excerpt from said section. The bond was filed with, and at the same time, the building contract was filed, as the section provides it must be, and the briefs of appellant discuss, and uphold it, as a bond given under such section, while at the same time claiming that if not available as a statutory bond, it is nevertheless good as a common-law obligation.

Under the circumstances, it appearing beyond question, that the bond was executed pursuant to the section, the respondents have as clear a right to challenge its validity as if it declared on its face that it was so executed. A recital in such a bond that it was executed by virtue of a given section of the code, it not controlling or conclusive. It simply furnishes *prima facie* evidence of the fact. When the same fact is apparent otherwise than by the recital, it is available for all purposes as if recited.

In the case of *Gibbs* v. *Tally,* 133 Cal. 373, section 1203 was declared unconstitutional, in as far as it required a bond to be given by an owner of a building, conditioned in the same general terms as that we are now considering.

And in the recent case of *Shaughnessy* v. *American Surety Co.,* 138 Cal. 543, it was held that the section is void in requiring a similar bond from the contractor.

As the sole subject with which the section dealt, was that requiring the execution of such bonds by the owner and contractor, for the benefit of laborers and materialmen, and as these two decisions have declarled it unconstitutional as to the only objects it had in view, it has now ceased to be operative or effective for any purpose. The contention of appellant that this bond should be upheld as a valid common-law obligation, notwithstanding it may have been given under an unconstitutional statute, is disposed of to the contrary in *Shaughnessy* v. *American Surety Co.,* 138 Cal. 543.

The judgment appealed from is affirmed.

McFarland, J., Angellotti, J., Shaw, J., Henshaw, J., and Van Dyke, J., concurred.