[S. F. No. 2938.   Department Two.—October 31, 1904.]

## W. W. MONTAGUE & CO., Respondent, v. JOHN FURNESS et al., Appellants.

BUILDING CONTRACT — VOID BOND OF CONTRACTOR — UNCONSTITUTIONAL SECTION OF CODE.—Section 1203 of the Code of Civil Procedure is unconstitutional, and a bond given in pursuance of it under a building contract is void, and cannot be upheld as a common-law obligation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge.

The facts are stated in the opinion.

Alexander G. Eells, for Appellants.

W. H. Linforth, for Respondent.

GRAY, C.—This action is brought against a building con-
tractor and his sureties upon a bond alleged in the complaint
to have been "given under and in pursuance of the provisions
of section 1203 of the Code of Civil Procedure of this state."
Plaintiff seeks to recover the amount due it from the con-
tractor, Furness, for certain materials furnished by plain-
tiff for use in constructing the building to which the bond
relates.   The plaintiff had judgment against all the defend-
ants, and the sureties on the bond appeal from said judgment.

The said section 1203 of the Code of Civil Procedure is un-
constitutional, and the bond having been given in pursuance
of it cannot be upheld even as a common-law obligation, and
is void.   Therefore, the sureties on it were not liable.   It was
so held in the two recent cases of San Francisco Lumber Co.
v. Bibb, 139 Cal. 193, and a case of the same title, 139 Cal.
325.   In both of these cases the action was upon the identical
bond sued on here, by parties furnishing material just as in
this case.   The decisions in those cases dispose of the only
question that need be decided on this appeal—to wit, the
constitutionality or unconstitutionality of said section 1203
of the Code of Civil Procedure.   Nothing need be here added
to what is said in those cases.

We advise that the judgment be reversed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judg-
ment appealed from is reversed.

McFarland, J., Lorigan, J., Henshaw, J.