[Civ. No. 1016.   Second Appellate District.—June 20, 1912.]

## REPUBLIC IRON AND STEEL COMPANY, a Corporation, Respondent, v. J. N. PATILLO et al., Defendants; A. J. SHERER, Appellant.

STREET IMPROVEMENT—ACTION ON CONTRACTOR'S BOND FOR MATERIALS FURNISHED—INSUFFICIENT COMPLAINT—FAILURE TO ALLEGE OR FIND NECESSARY FILING.—In an action against the sureties on the bond of a contractor for a street improvement for materials furnished to the contractor, the failure of the plaintiff to allege, or of the court to find, that the plaintiff filed a verified statement of its claim with the city street superintendent within thirty days after the work was completed, as required by section 6½ of the Vrooman act, as amended in 1899, rendered the complaint and the findings insufficient to sustain a judgment for plaintiff.

ID.—PRESUMPTION THAT CONTRACT AND BOND WERE STATUTORY.—Although the complaint does not allege nor is it found by the court that the bond was given by authority of the statute, yet, considering that the municipality was only authorized to act under permission of statutory authority in making the street improvements, and further that the bond in its terms was phrased according to the statutory requirement, it must be assumed that the contract was so made, and the bond given in connection therewith accordingly.

ID.—COMPLIANCE WITH STATUTE ESSENTIAL—BENEFIT TO SURETIES.— It being essential to a cause of action that the complaint should allege and that the court should find the necessary compliance with the statutory authority, it cannot be said that a compliance therewith would be of no benefit to the sureties, and that therefore it may be disregarded. Where street proceedings depend upon statutory provisions as giving authority to make such contracts, persons claiming the benefit of such provisions must make substantial compliance therewith; and the filing of the verified claim with the street superintendent showing that the contractor has failed to pay for materials furnishes a means of notice to the sureties on the bond, so that they may protect themselves against the contractor.

ID.—STATUTORY BOND NOT TO BE CONSIDERED AS COMMON-LAW OBLIGATION—PREMATURE ACTION ON BOND.—It is held that a statutory bond cannot be considered as a common-law obligation, and that until the street work has been completed under the terms of the statute, the notice of plaintiff's claim could not have been properly filed, and any action brought upon the bond prior to such completion, or before the occurrence of such events as might make a showing of formal completion unnecessary, would be premature.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Arthur G. Baker, and Edward Winterer, for Appellant.

W. W. Butler, for Respondent.

JAMES, J.—This action was brought against defendants as sureties on a bond given for the protection of materialmen and laborers under a contract made by the Patillo Contracting Company with the city of Hollywood for the doing of certain street work.   Defendant Patillo made default and defendant Sherer has appealed from a judgment entered against him, and also from an order made denying his motion for a new trial.

Plaintiff in its complaint set out that the Patillo Contracting Company, on or about the 13th of August, 1909, entered into a contract with the street superintendent of the city of Hollywood, a municipal corporation, for the improvement of Highland avenue, a public street within said city; that contemporaneously with the execution of said contract the contracting company, as principal, and defendants as sureties, executed and delivered to the city of Hollywood their undertaking in writing in the sum of $10,000, a copy of which was attached to and made a part of the complaint.   It was then alleged that plaintiff furnished to the contracting company materials of the value of $1,085, for which said contracting company had refused to pay.   A demand was alleged to have been made upon the contracting company and upon the defendants as sureties prior to the commencement of the action.   The complaint contained no allegation as to any claim having been filed with the superintendent of streets of the city of Hollywood on behalf of the plaintiff within thirty days after the work of improvement was completed; neither did it appear from the complaint as to when such work was completed, if at all.   Upon trial being had, the court made its findings in favor of the plaintiff, following the allegations of the complaint, and made no finding as to the time of completion of the work, or as to whether plaintiff had filed any claim with

the superintendent of streets. In our opinion, these findings do not sustain the judgment. It must be assumed from the facts found that the city of Hollywood entered into the contract with the Patillo Contracting Company under authority of the statute permitting it so to do, and that the bond upon which appellant was a surety was given pursuant to such statute. Section 6½ of the Vrooman street act, as amended in 1899 (Stats. 1899, p. 23), provides that where contracts for street improvement are made by a municipality, a bond shall be required to be filed with the superintendent of streets, which bond shall be made to inure to the benefit of any and all persons, companies or corporations who perform labor or furnish materials to be used in the work of improvement. It is provided further in this section as follows: ''Any materialman, person, company, or corporation furnishing materials to be used in the performance of said work specified in said contract, or who performed work or labor upon the said improvement, whose claim has not been paid by the said contractor, company, or corporation, to whom the said contract was awarded, may, within thirty days from the time said improvement is completed, file with the superintendent of streets a verified statement of his or its claim, together with a statement that the same, or some part thereof, has not been paid. At any time within ninety days after the filing of such claim the person, company, or corporation filing the same, or their assigns, may commence an action on said bond for the recovery of the amount due on said claim, together with the costs incurred in said action.'' While it was not alleged in the complaint, nor made the subject of any finding by the court, that the bond was given under authority of the statute, considering that the municipality was only authorized to act under permission of statutory authority in making the street improvement, and further, that the bond in its terms was phrased according to the statutory requirement, it must be assumed that the contract was so made and the bond given in connection therewith accordingly. (*San Francisco Lumber Co.* v. *Bibb*, 139 Cal. 192, [72 Pac. 964].) With these considerations in mind, we then find a failure on the part of plaintiff to allege, and the court to find, that plaintiff had filed any verified statement with the street superintendent setting forth the amount of its claim within thirty days from the time the

improvement was completed.    It was necessary, in order that a cause of action might be stated, for the plaintiff to allege this fact and the court to make a finding thereon.    It cannot be said that a compliance with the statutory requirement in this regard would prove of no benefit to the sureties, and that, therefore, it may be disregarded.    The first answer that might be made to such a contention would be that where street improvement proceedings depend upon statutory provisions as giving authority to make such contracts, persons claiming the benefit of such provisions must make substantial compliance with the requirements thereof.    The second answer that may be made is that as to the sureties the filing of the verified claim with the public officer showing that the bounden principal has failed to pay for materials, furnishes a means of notice to such sureties and by timely action they may be able to protect themselves, where, without such notice, their remedy might be lost.    That the bond having been given as a statutory bond cannot be considered as a common-law obligation, is held in the case of *San Francisco Lumber Co.* v. *Bibb,* 139 Cal. 192, [72 Pac. 964], and also in the cases of *Shaughnessy* v. *American Surety Co.,* 138 Cal. 543, [69 Pac. 250, 71 Pac. 701], and *Montague & Co.* v. *Furness,* 145 Cal. 205, [78 Pac. 640].    It may be added that until the street improvement work had been completed, under the terms of the statute the notice of plaintiff's claim could not have been properly filed, and any action brought on the bond prior to such completion, or before the occurrence of such events as might make a showing of formal completion unnecessary, would be premature.

For the reasons stated, we are of the opinion that the findings do not sustain the judgment and that it must be reversed. In view of this conclusion, other points made by appellant need not be discussed further than to say that we have considered the argument advanced to sustain them and are of the opinion that none of those contentions possess substantial merit.

The judgment is reversed.

Allen, P. J., and Shaw, J., concurred.