[Civ. No. 1052. ·Third Appellate District.—April 4, 1913.]

## J. G. MARTIN, Appellant, v. J. J. McCABE et al., Respondents.

BUILDING CONTRACT—BOND ÓF CONTRACTOR—SECTION 1203 OF CODE OF CIVIL PROCEDURE.—Section 1203 of the Code of Civil Procedure, requiring a building contractor to file a bond, is unconstitutional, and any undertaking given in pursuance of its terms, whether expressly so declared or so appearing by other recitals in the bond, is without consideration and void. Such a bond cannot be upheld either as a statutory or common-law obligation. The decisive question does not relate to the formality or the technical precision of the bond, but it involves the consideration for the undertaking.

ID.—ACTION ON BOND—COMPLAINT—INDEBITATUS ASSUMPSIT.—A complaint, in an action on such a bond, which alleges the sale of certain materials to the contractor in reliance upon the bond, the reasonable value of the materials, and the nonpayment of any part thereof, states a cause of action in *indebitatus assumpsit* against the contractor.

APPEAL from a judgment of the Superior Court of Fresno County.   George E. Church, Judge.

The facts are stated· in the opinion of the court.

A. M. Drew, Drew & Drew, and L. L. Cory, for Appellant.

C. K. Bonestell, for Respondents.

BURNETT, J.—A demurrer was sustained to plaintiff's complaint, and from the judgment entered thereon the appeal is taken.   The action was brought upon a bond· given by contractors for the·erection of a certain building.   Various claims were assigned to plaintiff and it appears that the assignor in each instance furnished building materials to be used, and which were actually used, in the construction of said building. The bond was executed· by J. J. McCabe, T. P. Cavanaugh, A. S. Cleary, and Patrick Segrue, and was in form as follows:

"Know all men by these presents, that J. J. McCabe and T. P. Cavanaugh as principal, and A. S. Cleary and· Patrick Segrue, sureties, are held and firmly bound unto W. A. Bean

and L. O. Stephens and the parties hereinafter mentioned, in the sum of $4,500.00, for which payment well and truly to be made we bind ourselves, our and each of our heirs, executors and administrators, jointly and severally firmly by these presents.

"The conditions of the foregoing obligations are such that whereas, the said J. J. McCabe and T. P. Cavanaugh is about to enter into a contract with the said W. A. Bean and L. O. Stephens to erect and construct for him a certain building and structure on the following described real property . . .

"Now, therefore, if said W. A. Bean and L. O. Stephens shall award said contract to said principal and if the said J. J. McCabe and T. P. Cavanaugh shall erect and construct said building and structure and furnish said material and labor therefor according to the terms of said contract and the plans and specifications therein mentioned (all thereof being hereby referred to for further particulars and as part hereof) and shall hold said W. A. Bean and L. O. Stephens harmless and free from all demands, charges, expenses, and litigation arising out of or caused by his entering into said contract and do not suffer or allow any liens thereunder to be filed or recorded against said property and shall pay all claims and demands of labor and materialmen for labor performed and material furnished for the erection and completion of said building and structure, and shall keep the same free from all liens for work performed and material furnished, and shall on demand pay the cost and expense of defending said W. A. Bean and L. O. Stephens in any suit or suits brought against W. A. Bean and L. O. Stephens or said principal, or against said building or property on account of material furnished or labor performed thereon, then this bond and undertaking will be null and void, otherwise to remain in full force and effect.

"It is further understood and agreed that this bond will and shall inure to the benefit of any and all persons who perform labor and furnish material to said contractor for said building and structure, or to any person acting for him or by his authority in or about the construction of the building; wherein the purview of section 1203 of the Code of Civil Procedure and shall also be construed as a common-law bond in favor of said W. A. Bean and L. O. Stephens."

Appellant states that "It is conceded by both parties that section 1203 of the Code of Civil Procedure, requiring the execution and filing of a good and sufficient bond, pursuant to its provisions, is void. It was so expressly declared in the case of *Gibbs* v. *Tally,* 133 Cal. 373, [60 L. R. A. 815, 65 Pac. 970], which case now stands as the settled law of this case upon this question. We rely for relief upon the principles stated in the case of *People's Lumber Co.* v. *Gillard,* 136 Cal. 55, [68 Pac. 576]." The bond therein considered was quite similar to the one herein involved and the court said of it: "The bond no doubt was made pursuant to the statute. But it was voluntarily made, and may be enforced as a common-law bond as it is substantially in form. . . . It was competent for the parties to enter into such an obligation, whether the statute authorized it or not; and it is none the less binding because the statute requires it."

Support for appellant's contention is undoubtedly found in said opinion, but, giving heed to later expressions and decisions of the supreme court, we necessarily reach the conclusion that the bond before us is void and cannot be made the basis for an action.

In *Shaughnessy* v. *American Surety Co.,* 138 Cal. 543, [69 Pac. 250, 71 Pac. 701], it was held, in the department opinion, that "a bond of a contractor which expressly recites that it is given in pursuance of section 1203 of the Code of Civil Procedure is void and cannot be upheld as a common-law bond."

It was declared that "This bond was given to secure a statutory privilege upon conditions to its enjoyment imposed by the statute, but the privilege was a constitutional privilege which could not be interfered with by statute. The undertaking was therefore wholly without consideration and void."

A rehearing was granted, and, after elaborate argument by numerous and able attorneys, the supreme court, in Bank, adopted the opinion in department, saying also, among other things, "Upon further consideration of the case we adopt the foregoing opinion; for while in *Gibbs* v. *Tally,* 133 Cal. 373, [60 L. R. A. 815, 65 Pac. 970], the rights of the owner of the building were only directly involved, yet the principle of the decision covers the invalidity of section 1203 as to the contractor."

In *San Francisco Lumber Co.* v. *Bibb,* 139 Cal. 192, [72 Pac. 964), it was held, as stated in the syllabus, that ''A bond to secure a building contract, which clearly appears to have been given in pursuance of section 1203 of the Code of Civil Procedure, and which incorporates the unconstitutional provisions of section 1203 of the Code of Civil Procedure, though it does not so expressly declare, so as to make the bond expressly inure to the benefit of all persons who perform labor for or furnish materials to the contractor or his agent, is wholly void, and cannot be sustained as a common-law bond.''

*W. W. Montague & Co.* v. *Furness,* 145 Cal. 205, [78 Pac. 640], reaffirms the same doctrine, the action having been brought against a building contractor and his sureties on the bond.

The case of *Hampton* v. *Christensen,* 143 Cal. 729, [84 Pac. 200], also involved the validity of a bond given in pursuance of said section 1203 of the Code of Civil Procedure and it was declared that the purported undertaking was void.

It must be deemed settled, therefore, beyond further controversy that said section 1203 is unconstitutional and that any undertaking given in pursuance of its terms, whether expressly so declared or so appearing by other recitals in the bond, is without consideration and void.

In other words, it has been decided by the supreme court, after mature consideration, that such bond as is contemplated by said section 1203, that is, a bond of such character as is therein specified, cannot be upheld as constituting either a statutory or common law obligation.

Turning to the bond before us, we see, both by express recital and its other terms, that it is plainly subject to the said judicial condemnation. The express reference in the bond to said section 1203 can mean nothing less than that the parties intended to comply with its provisions, the word ''wherein'' being clearly a clerical error for ''within.''

Moreover, as in the Bibb case, the bond herein incorporates ''the unconstitutional provisions'' of said section 1203. It follows strictly in its terms the requirement of said section that it ''shall be made to inure to the benefit of any and all persons who perform labor for, or furnish materials to the contractor, or any person acting for him, or by his authority.''

Furthermore, the bond explicitly refers to the building contract, makes it a part and the consideration for the execution of the bond, and it appears that the said two instruments were filed "at the same time and in the same manner" as contemplated by said section 1203.

In accordance with a familiar rule of interpretation, the recital as to the undertaking being construed as "a common law bond in favor of said W. A. Bean and L. O. Stephens," the owners of the building, who are not parties to this action, is also a circumstance confirmatory of the position that as to the other parties the instrument was intended to be a statutory bond.

An attempt is made to distinguish the instant case from those hereinbefore cited, by reason of the fact that here "the parties hereinafter mentioned" are expressly included among the obligees. But the decisive question does not relate to the formality or the technical precision of the bond, but it involves the consideration for the undertaking. It was stated in the Shaughnessy case, that "It is not the case where a valid statute requires a bond and the bond given is defective. It is a case where the statute requiring the bond is itself unconstitutional because of the exaction."

Besides, it would seem to be a matter of indifference whether the bond should formally recite that the obligors "are held and firmly bound unto . . . the parties hereinafter mentioned," if one of the covenants of the bond is that "It is further understood and agreed that this bond will and shall inure to the benefit of" said parties. This consideration is rather a matter of form than of substance.

But appellant is mistaken as to the suggested distinction. In the Shaughnessy case, the undertaking provided that the obligors "are held and firmly bound . . . and unto any and all persons who perform labor for or furnish materials to H. A. Smith, the contractor named in the contract hereinafter referred to, or to any person or persons acting for said H. A. Smith or by his authority."

In the Hampton case, it was alleged in the complaint and not denied "that at the time of the filing of said contract in the office of the county recorder of the city and county of San Francisco, there was filed therewith a certain written obligation signed by defendant, the United States Fidelity and Guar-

anty Company, wherein and whereby the said United States
Fidelity and Guaranty Company promised and agreed to pay
to plaintiff and to all other persons who should furnish mate-
rials to and perform labor upon said building the value of such
materials and labor, in the event of their being unpaid by the
said Christensen.''

We have not examined the original records in the other
cases, but we think it is quite apparent that this contention is
without merit.

It is also suggested, as a circumstance of some moment, that
the Gillard case, was not expressly overruled and was appar-
ently overlooked by the supreme court in the aforesaid subse-
quent decisions.   As to this, the Gillard case went back for
a new trial upon amended pleadings and was again appealed
and the judgment and order denying the motion for a new
trial were affirmed by the district court of appeal of the second
district, *People's Lumber Co.* v. *Gillard,* 5 Cal. App. 435, [90
Pac. 556], and the supreme court denied a petition for rehear-
ing.   The doctrine of the law of the case was successfully
invoked, the appellate court stating: ''Whatever opinion we
may entertain as to the policy of the rule or the validity of the
bond, it is clear from the authorities that it was the duty of
the superior court and it is our duty to hold the bond valid and
enforceable under the law of the case.''

The other decisions do not specifically refer to the Gillard
case, but no doubt it was duly considered.   The attention
of the supreme court on petition for rehearing in the Shaugh-
nessy case, was certainly very forcibly directed to the matter
by counsel who exhibited in parallel columns quotations from
these two decisions and also from *Union Sheet Metal Works*
v. *Dodge,* 129 Cal. 390, [62 Pac. 41.]

But we need not concern ourselves with the question
whether these cases can be reconciled.   It is sufficient to as-
certain and declare that under controlling decisions the con-
tractor's bond before us is void.

Another consideration invites attention.

Following appropriate allegations as to the execution of the
building agreement and of said undertaking, the complaint
proceeds: ''That the defendants J. J. McCabe and Thomas P.
Cavanaugh thereafter entered upon the work of constructing
said building and that between the 19th day of August, 1910,

and the 18th day of February, 1911, the said corporation, the California Door Company, relying upon said bond of defendants so made to inure to its benefit, did sell, furnish and deliver to said defendants J. J. McCabe and Thomas P. Cavanaugh, materials consisting of doors and other similar materials to be used for and about, and all of which was actually used for and about the erection and construction of said building, of the aggregate value and to the amount of and which was reasonably worth the sum of $5,537.18, which sum said defendants J. J. McCabe and Thomas P. Cavanaugh agreed to pay therefor. That the same has not been paid nor any part thereof and the whole thereof is now due, owing and unpaid.''

There is thus stated a cause of action in *indebitatus assumpsit* against the contractors for materials sold to them and for which they agreed to pay. The faith of the materialman in the validity of a void undertaking should not deprive him of the right to recover upon the valid contract for the purchase and sale of his material. It is believed that the allegations as to this valid contract may be disassociated from those relating to the void bond for the purpose of ascertaining whether the complaint does not state a cause of action and that the demurrer as to the contractors, which was a general one, should have been overruled. (*McClain* v. *Hutton,* 131 Cal. 136, [61 Pac. 273, 63 Pac. 182, 622].)

The judgment in favor of McCabe and Cavanaugh is therefore reversed and in favor of Cleary and Segrue is affirmed.

Chipman, P. J., and Hart, J., concurred.