[Civ. No. 2637. Third Appellate District.—December 15, 1923.]

H. C. EVANS et al., Appellants, v. F. H. SHACKEL-FORD et al., Respondents.

FRED W. STONE, Appellant, v. F. H. SHACKELFORD et al., Respondents.

[1] PUBLIC WORKS ACT—ERECTION OF PUBLIC SCHOOL BUILDING—CONSTRUCTION OF BOND—CLAIMS BARRED.—Where a contract for the erection of a public school building and a bond given to secure the payment for materials furnished and labor performed in connection with the erection of such building are signed and delivered on the same date, and the bond refers to the contract and the amount thereof is exactly one-half of the amount of the contract price for the erection of the building, such contract and bond will be construed as having been executed under and in conformity with the provisions of the Public Works Act; and where a claim for labor performed or materials furnished is not filed and an action thereon is not instituted within the time prescribed by that act, the cause of action is barred.

APPEAL from a judgment of the Superior Court of Tulare County. W. B. Wallace, Judge. Affirmed.

The facts are stated in the opinion of the court.

Guy Knupp and J. A. Chase for Appellants.

Power & McFadzean, Guy Knupp and Earl W. Wescott for Respondents.

PLUMMER, J.—For the purposes of this appeal the above cases are consolidated and heard as one. The plaintiffs in the two cases began their actions to recover on a certain bond given to secure payment for materials furnished and work done on a certain school building about to be erected by F. H. Shackelford, one of the defendants, for the Saucelito School District, said bond being dated the twenty-third day of September, 1920. The defendants, Retherford and Swanson, the sureties on said undertaking or bond, had judgment and from this judgment the plaintiffs appeal.

It appears from the transcript that F. H. Shackelford, a contractor, on the twenty-third day of September, 1920, entered into a contract with the board of trustees of the Saucelito School District in the county of Tulare for the erection of a certain school building; that upon this day there was made, executed, and delivered to the board of trustees of said Saucelito School District a bond signed by the defendants Retherford and Swanson in the following words and figures, to wit:

"Know all men by these presents: That F. H. Shackelford (contractor) as principal, and B. F. Retherford and J. E. Swanson as sureties, are held and firmly bound unto any and all persons performing labor upon or furnishing materials to be used in the work described in the building contract hereinafter mentioned or in any modification thereof, in the sum of sixty-one hundred ninety-one and 25/100 dollars, lawful money of the United States, for which payment well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

"Signed and sealed with our seals, and dated the 23rd day of September, 1920.

"The condition of the above obligation is such, that

"Whereas, a certain building contract, dated September 23rd, 1920, was made and executed by board of trustees of Saucelito School District, as owner, the party of the first part therein, and the above named F. H. Shackelford as contractor, the party of the second part therein, which contract is hereby referred to; and

"Whereas, in and by said building contract, said contractor agreed to furnish the necessary labor and materials to complete the work described in said contract, upon the real property therein mentioned, in accordance with plans and specifications referred to in said building contract, and for the contract price therein set forth;

"Now, therefore, should said F. H. Shackelford, contractor, well and truly pay or cause to be paid all claims against him, for such labor or materials, or either or both, so performed or furnished, as the case may be, then this obligation to be null and void; otherwise, to be and remain in full force and effect, and the same is hereby expressly made to inure to the benefit of any and all persons who perform labor upon or furnish materials to be used in the work described in the said contract, or in any modification thereof; and any and all such persons shall have and are given a right of action to recover upon this bond against the said principal and sureties, or either of them, in any suit brought to foreclose mechanics' liens, which may be filed by such persons, or any of them, upon the property mentioned in said contract, or in a separate suit brought upon this bond, and may recover in such action or actions, the value of such labor done or materials furnished, or both, not exceeding, however, in the aggregate of said recoveries, the amount of this bond as above specified.

"B. F. RETHERFORD.   (Seal)<br>
"J. E. SWANSON.       (Seal)"

[1]   The contract for the erection of the school building and the bond just referred to appear to have been signed and delivered on the same day. On the sixteenth day of April, 1921, the contract and bond were recorded in the office of the county recorder of Tulare County. The amount of the bond is exactly one-half of the amount of the con-

tract price for the erection of the school building. The
contractor failed to complete the building; failed to pay
for all the materials furnished and work and labor per-
formed and this action was begun by the plaintiff against
the defendant upon the bond referred to, to recover the
amount due for work and labor performed and materials
furnished. The court found that the bond in question was
given under the provisions of the act approved May 10,
1919, known as the Public Works Act; that plaintiffs had
failed to file a statement of their claims within the time pro-
vided by section 2 of said act and also had failed to in-
stitute this action within the time provided by said section
2 and, hence, that the cause of action against the defendants
was barred. It is admitted that if the Public Works Act
applies to this case the judgment in favor of the defendants
should be affirmed. On the part of the appellants, how-
ever, it is contended that section 1183 of the Code of Civil
Procedure applies and, hence, that the action is not barred;
and that the plaintiffs are entitled to judgment. As hereto-
fore stated the court found that the Public Works Act ap-
plies and not section 1183 of the Code of Civil Procedure.
The bond in question is phrased very similar to the provi-
sions of section 1183 of the Code of Civil Procedure, and
also to the wording of the Public Works Act. In the case of
*Miles* v. *Baley,* 170 Cal. 151, at pages 156 and 157 [149 Pac.
145], the supreme court of this state quotes with approval
the opinion of this court, written by Associate Justice Hart,
stating rules by which it may be determined whether any
particular bond has been executed and delivered under the
provisions of the Public Works Act or under section 1183
of the Code of Civil Procedure. The opinion just referred
to was dealing with section 1 of the act of 1897 (Stats. 1897,
p. 201), which was superseded by the act of 1919, the pro-
visions of which, however, so far as material to this case
are almost identical. The opinion of this court approved
by the supreme court as applicable to this case is as follows:
"Comparing the undertaking with the statute, it will readily
be noted that that part of the former which specifies the
conditions to be fulfilled by the contractors to render the
undertaking inoperative or without effect is in the precise
language of the statute. It is also to be observed that the
amount of the bond is approximately that prescribed and

required by the statute. There is no conceivable substantial difference, in substance and legal effect, between the conditions of the bond and those prescribed by the statute. Moreover, the presumption is that the board of trustees, as a public official body, performed every duty imposed upon it by law, and that, therefore, it exacted from the contractors the bond required by the statute in such cases. The language of the statute is that the contractor 'shall before entering upon the performance of such work,' make, give, and file the bond, and appears to impose upon the governing board a mandatory duty in that regard.

"Furthermore, the bond especially refers to the building contract, makes it a part and the consideration for the execution of the bond. (*Martin* v. *McCabe*, 21 Cal. App. 658, 662 [132 Pac. 606].) And, it may be remarked, as a circumstance of more or less significance in this connection, that the bond was executed on the same day that the building contract was executed.

"It is obviously not necessary that the bond should expressly refer to the statute in order to constitute it a statutory bond. A bond, though not in the words of the statute requiring it to be given, if its substance and legal effect is the same as the form prescribed by such statute, is a statutory bond. (*McCracken* v. *Todd*, 1 Kan. 148; Brandt on Suretyship and Guaranty, 3d ed., sec. 615.) 'A recital in such a bond that it was executed by virtue of a given section of the code, is not controlling or conclusive. It simply furnishes *prima facie* evidence of the fact. When the same fact is apparent otherwise than by the recital it is as available for all purposes as if recited.' (*San Francisco Lumber Co.* v. *Bibb*, 139 Cal. 192 [72 Pac. 964]; *Martin* v. *McCabe*, 21 Cal. App. 658 [132 Pac. 606].)" The bond in question is signed only by the sureties. It refers to the building contract entered into on the same day by F. H. Shackelford, a contractor, with the board of trustees of the Saucelito School District, whereby the contractor agreed to furnish the necessary labor and material to complete the work described in said contract. The bond then follows more nearly the provisions of section 1183 of the Code of Civil Procedure than the provisions of the Public Works Act in that some of the provisions of the Public

Works Act are omitted which are not contained in the section of the code referred to. Section 1183 of the Code of Civil Procedure differs little in its terms from the Public Works Act in the form of the bond to be executed. The section of the code as to the bond to be given reads as follows: ". . . In case said original contract shall, before the work is commenced, be so filed, together with a bond of the contractor with good and sufficient sureties in an amount not less than fifty (50) per cent, etc." It will be noted that this provision reads *"bond of the contractor."* The Public Works Act in relation to the giving of the bond is as follows: ". . . Before entering upon the performance of such work, file with the commissioners, managers, trustees, officers, board of supervisors, board of trustees, common council, or other body by whom such contract was awarded, a good and sufficient bond, to be approved by such contracting body, etc. Such bond shall be executed by the contractor, and either at least two sureties or by corporate surety as provided by law. . . . " The bond in question was delivered to the board of trustees of the school district co-incident with the execution of the contract and was not filed with the county recorder until the sixteenth day of April, 1921, or approximately seven months after the execution of the contract and the beginning of the work called for by the contract just referred to. It will be noted that the language of section 1183 of the Code of Civil Procedure calls for the delivery of a bond *"of the contractor,"* the Public Works Act provides for the giving of a bond *"executed by the contractor."* The bond in question in this particular does not conform to the requirements of either the section referred to or the Public Works Act as it was not signed by him. The Public Works Act also provides that unless a bond is given as therein provided no claim in favor of the contractor shall be audited, allowed or paid. However, the board of trustees allowed and paid under the contract a sum aggregating nearly nine thousand dollars. While this act would not be controlling in and of itself, it does indicate the intention and understanding of the parties in executing the contract and bond and the conditions under which the bond was executed and received. The bond itself, as before stated, refers to the contract and being

executed at the same time may be considered as one transaction; in other words, that the contract and bond were both intended to be executed under and in conformity with the provisions of the Public Works Act. The fact that the contract related to a public building and the bond was given to insure payment by the contractor for work and labor performed upon such public building, are also matters which we think the court below was justified in considering in determining whether the bond in question was given under and in accordance with the terms of the Public Works Act. It will also be noted that the Public Works Act provides that unless such bond is given to persons who have in good faith performed work they may be entitled to payment of their claims upon giving the notice prescribed in section 1 of the act. This section specifies the time of giving this notice and also the time within which action may thereafter be begun upon any bond. As heretofore stated, these provisions were not complied with in point of time and appellants' claims were held barred by the trial court on account of such failure. Appellants call attention to the case of *General Electric Co.* v. *American Bonding Co.,* 180 Cal. 675 [182 Pac. 444]. This case, however, has to do with a private enterprise and not any public work. The court in the bonding company case points out the distinction between that case and the case of *Miles* v. *Baley, supra,* and calls attention to the fact that the case of *Miles* v. *Baley* had to do with the claims of materialmen and workmen employed upon a public work, and that the requirements of certain sections of the code are not applicable where the contract and bond relate to the erection of public buildings.

Whether the failure of the contractor to execute the bond in any way affects the validity of the instrument need not be considered because of the fact that the bond in question fails to comply in this respect with the provisions of section 1183 and also the provisions of the Public Works Act, as heretofore stated, and, therefore, does not indicate anything as to the act under which the bond was executed.

Being of the opinion that the principles set forth in the case of *Miles* v. *Baley* are applicable to the case at bar and that the trial court was justified in holding that the bond in question was given under the terms and provisions of the

Public Works Act, the judgment of the trial court must be affirmed, and it is so ordered.

Hart, J., and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 11, 1924.