[Civ. No. 6091. Second Appellate District, Division Two.—September 15, 1930.]

H. W. LAMB, Appellant, v. NATIONAL SURETY COMPANY (a Corporation), Respondent.

George L. Greer for Appellant.

Bailie, Turner & Lake and Allen T. Lynch for Respondent.

GATES, J., *pro tem.*—Appellant was engaged in the garage business in the year 1924 at Los Angeles, under the fictitious name of De Luxe Garage. He made repairs on an automobile belonging to one William Gross, and, the charges thereon being unpaid, commenced foreclosure of his lien. On October 1, 1924, Gross, who disputed the correctness of appellant's charges, instituted a claim and delivery action to recover possession of the car. In the same suit Gross obtained an order to show cause why an injunction *pendente lite* should not issue restraining appellant from proceeding

further with the foreclosure of his alleged lien. At the hearing of the application for the temporary injunction it was stipulated that a preliminary injunction might be granted restraining appellant from proceeding with the foreclosure provided a bond be furnished by Gross, plaintiff in that action. The order made by the court pursuant to the stipulation, which designated the amount of the bond—eight hundred dollars—did not describe or provide for the terms of the bond. Respondent thereupon executed a bond in the above-mentioned amount, which was filed with the clerk of the superior court. No affidavit or demand was deposited with or delivered to the sheriff, nor did the latter at any time have possession of the car. Upon the trial of the claim and delivery action judgment was rendered in favor of Lamb, defendant therein, against Gross for his, Lamb's, charges for repairs on the car. Lamb then levied upon the automobile, which was at that time and had at all times been in his possession, and sold the same upon execution, applying the proceeds of the sale to a partial satisfaction of the judgment obtained in the claim and delivery suit. The judgment being only partially satisfied, appellant commenced the present action against the respondent surety company for the unpaid balance. Judgment went for respondent and Lamb appeals.

The material portions of the undertaking involved are as follows: "Whereas, the plaintiff in the above entitled action has this day filed a complaint against defendant in the said action, claiming the delivery of one Simplex Automobile; now, therefore, the undersigned National Surety Company, a corporation organized and existing under and by virtue of the laws of the State of New York and duly licensed to transact a general surety business in the State of California, does hereby agree and undertake, and is bound to said defendant in consideration of said delivery in the sum of Eight Hundred Dollars, being amount ordered by the Court in said action in the plaintiff's affidavit herein for the prosecution of the action, for the return of said property to the said defendant . . . if return thereof be adjudged, and for the payment to the said defendant . . . of such sum as may for any cause be recovered against the said plaintiff, William Gross. . . . "

■ The sole point to be determined is whether the undertaking above quoted binds the respondent herein. Appellant contends that it is a common-law bond, and that as such the respondent is liable for the amount of the unpaid portion of his judgment. It appears that the undertaking was given pursuant to the stipulation of .the parties. It unquestionably is in form an undertaking pursuant to section 512 of the Code of Civil Procedure—a claim and delivery bond. It may have been intended by appellant to be a preliminary injunction undertaking, but there is no evidence to support such a conclusion, except that it was filed after the stipulation was made and the order for temporary restraining order was granted.

The portion particularly relied upon by appellant is as follows: " . . . and for the payment to the said defendant . . . of such sum as may for any cause be recovered against the said plaintiff." It is clear that no recovery can be had upon it as a claim and delivery undertaking, for the reason that the judgment in the claim and delivery action did not authorize a redelivery of the property to the defendant-appellant. Nor could it, as the property, the automobile, was at all times in appellant's possession. In *Mitchum* v. *Stanton*, 49 Cal. 302, which was quoted with approval in *Drinkhouse* v. *Van Ness*, 202 Cal. 359, 372 [260 Pac. 869], the Supreme Court, in considering an undertaking almost identical in wording with the one in the instant case, among other things said: "Nor can plaintiff recover by reason of the words, 'and for the payment to the said defendant of such sum as may, for any cause, be recovered against the plaintiffs.' Assuming that these words relate to any other than such as might be recovered by way of damages for the detention of the property, the judgment in this class of cases is in the alternative for the return of the property, or its value. Hence, the sureties to such an undertaking cannot be held to pay its value, unless a judgment for the return is rendered. The primary purpose of the action is the redelivery of the specific property, and by their contract the sureties were not to pay the value unless a return of the property should be adjudged by the Justice's Court." The portion of *Mitchum* v. *Stanton, supra,* just quoted, shows how that portion of the undertaking relied upon by appellant was construed by

the court. The plaintiff in that case was refused judgment upon another ground which we need not here consider. ▮ And furthermore, the bond must fail as a claim and delivery undertaking for the reason that the consideration of the bond has failed. It is undisputed that the property was not taken by the sheriff. It is well settled that where one gives to an officer a proper undertaking, but the officer takes no property into his possession, no right of action accrues on the undertaking. (*Knott* v. *Sherman,* 7 S. D. 522 [64 N. W. 542].) It is elementary that the primary purpose of a claim and delivery action is to obtain possession of personal property, and the bond required by section 512 of the Code of Civil Procedure is one to indemnify the defendant against the consequence of a taking that may later be adjudged to be wrongful. But in the instant case there was no taking by the sheriff, wrongful or otherwise, and hence the provisions of the undertaking were not in any way violated.

▮ Was the bond an undertaking on the preliminary injunction proceeding? In fact, was it an injunction bond? It has all of the earmarks of a claim and delivery bond. It is clear that it is not the form of bond contemplated by section 529 of the Code of Civil Procedure. It contains no reference to any promise or obligation on the part of the plaintiff or his surety that he or it will pay to the party enjoined such damages as may be sustained by reason of the injunction. (Sec. 529, Code Civ. Proc.; *Mc-Cracken* v. *Harris,* 54 Cal. 81, 83; *Maier* v. *Luce,* 61 Cal. App. 552, 557 [215 Pac. 399].) Therefore it is clear that it is not an injunction bond.

Is the undertaking a common-law bond or a statutory bond? Appellant, in support of his contention, cites *Gardner* v. *Donnelly,* 86 Cal. 367 [24 Pac. 1072]. In that case an undertaking was given to procure the release of an attachment. The release was had in consequence of the undertaking, and the consideration of the undertaking being the release procured, the court said: "In this case, the condition of the undertaking was, not that the property should be released from the possession of the sheriff, but from the attachment; and when the court ordered the attachment discharged, and the property released, this was fully accomplished, whether the sheriff still retained pos-

session of it or not. If he did retain the possession, he did so wrongfully, and not for the plaintiff, unless he had some other process in his hands which justified his action. We are unable to see, therefore, why the case above referred to was cited, or how it could be supposed to support the contention of appellants. It seems, on the contrary, to be directly opposed to their theory, and to decide fully, fairly, and correctly the point presented against them. It is further urged that the undertaking contains conditions not at all like those required by sections 554 and 555 of the Code of Civil Procedure, and that it is more onerous than the statutory undertaking, and therefore void on its face. But conceding all that is said of the undertaking to be true, still the conclusion does not follow. Section 540 of the same code also provides that an undertaking may be given when property 'has been or is about to be attached,' and we think the undertaking in question good under that section. Whether it be so or not, however, is immaterial. It was given for a purpose, which was accomplished when the order of the court was obtained, and it then became binding on its makers as a common-law obligation, and cannot now be repudiated by those who asked for and received its benefits.'' However, this case does not assist appellant in his contention, for it appears in *Gardner* v. *Donnelly, supra,* that the purpose for which the undertaking was given was accomplished, whereas in the instant case the purpose for which it was given—a return of the property—failed.

██ It is also clear that we cannot construe the instrument in question to be a common-law bond for the reason that it is apparent that it was not so intended. In *Miles* v. *Baley,* 170 Cal. 151, 157 [149 Pac. 45], our Supreme Court used this language: ''It is obviously not necessary that the bond should expressly refer to the statute in order to constitute it a statutory bond. A bond, though not in the words of the statute requiring it to be given, if its substance and legal effect is the same as the form prescribed by such statute, is a statutory bond. (*McCracken* v. *Todd,* 1 Kan. 148; Brandt on Suretyship and Guaranty, 3d ed., sec. 615.) 'A recital in such a bond that it was executed by virtue of a given section of the code, is not controlling or conclusive. It simply furnished *prima*

*facie* evidence of the fact. *When the same fact is apparent otherwise than by the recital it is as available for all purposes as if recited.'* (*San Francisco Lumber Co.* v. *Bibb,* 139 Cal. 192 [72 Pac. 964]; *Martin* v. *McCabe,* 21 Cal. App. 658 [132 Pac. 606].)'' The bond having been given as a statutory bond cannot be considered as a common-law obligation. (*Republic Iron & Steel Co.* v. *Patillo,* 19 Cal. App. 316 [125 Pac. 923]; *San Francisco* v. *Bibb, supra; Shaughnessy* v. *American Surety Co.,* 138 Cal. 543 [69 Pac. 520, 71 Pac. 701]; *Montague & Co.* v. *Furness,* 145 Cal. 205 [78 Pac. 640].)

It is apparent, therefore, from an examination of the bond that it is an undertaking in compliance with section 512 of the Code of Civil Procedure. The bond upon its face so shows. It is elementary that an undertaking can be no broader than the terms contained therein, read in connection with the terms of the statute applicable thereto.

Judgment affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.