[Civ. No. 16647. First Dist., Div. Two. Jan. 19, 1956.]

NELLO DeLUCA et al., Appellants, v. RAY BUDKE et al., Defendants; COLUMBIA CASUALTY COMPANY (a Corporation), Respondent.

E. C. Mahoney for Appellants.

R. A. Rapsey and Paul DeMare for Respondent.

KAUFMAN, J.—This is an appeal from a judgment in favor of defendant, Columbia Casualty Co., after a demurrer sustained without leave to amend.

The action was brought on an undertaking on claim and delivery of personal property, given under the provisions of sections 512 and 513, Code of Civil Procedure. Ray Budke, one of defendants herein, brought an action for claim and delivery in a municipal court in San Mateo County against Nello and Orfeo DeLuca and Joseph Bonzani. The latter are the plaintiffs and appellants in the present action. Columbia Casualty Company furnished the bond in the claim and delivery action. The sheriff delivered the personal property in question to Budke.

The municipal court in its judgment and findings declared that it had not been the intention of the parties to enter into a conditional sales contract for the sale and purchase of scrap junk, but the subject matter of the sale was such that the right of sale to the public on the part of the purchasers was paramount. The sum of $2,000 had already been paid to the seller. The court found that "Thereafter the plaintiff by writ of possession regained possession of some or practically all of the merchandise which was the subject of the sale. Obviously this was a wrongful act by the plaintiff in view of the Court's findings with respect to the agreement of the parties, notwithstanding the purported conditional sale contract. Since the issue of conversion is not before the court, no finding can be made at this time. Although this action is one for Claim and Delivery, the Court can only consider that part of the pleadings in which plaintiff seeks the balance of money due on the sale, which is the sum of $3,000.

"Judgment must accordingly be entered in favor of plaintiffs in the sum of $3,000 as prayed for in the complaint . . ."

The bond provides that Columbia Casualty Company is

bound in the sum of $6,000 "for the prosecution of the action, for the return of the said property to the said defendants, if return thereof be adjudged, and for the payment to the said defendants of such sum as may from any cause be recovered against the said plaintiff."

Appellants contend that the primary purpose of such an undertaking is to protect defendants against a wrongful taking of their property, and that the judgment herein which declared that Budke wrongfully reclaimed the property, is equivalent to a judgment ordering a return of the property.

■ The second condition of the bond is very clear and allows no room for interpretation, namely, "for the return of the said property to the said defendants, if return thereof be adjudged." A return was not adjudged. The court decided it was not a true claim and delivery action, and stated that it made no finding on conversion because that issue was not before the court at that time. A *return* of the property not having been adjudged, appellant herein cannot recover under the second condition in the bond. ■ If a defendant fails to obtain judgment either for the value of the property or for its possession, the sureties are discharged on their undertaking. (*Mitchum* v. *Stanton,* 49 Cal. 302; *Lamb* v. *National Surety Co.,* 108 Cal.App. 297 [291 P. 647]; *Nickerson* v. *Chatterton,* 7 Cal. 568.)

Appellants contend that they may recover under the first condition of the bond, failure on the part of Budke to prosecute the action. It is appellants' theory that, since the municipal court held that it was not a true claim and delivery action and that it would only consider the part of the pleadings for the balance of the money due on the sale, this was tantamount to a failure to prosecute the action.

■ Appellants argue that since the claim and delivery action was in effect dismissed by the court, this constitutes a failure to prosecute such action. It is clear that here there has been no failure to prosecute the action under sections 581a, 581b or 583 of the Code of Civil Procedure. If the action of the court here be considered as equivalent to a nonsuit on the claim and delivery cause of action, such a judgment operates as an adjudication on the merits. (See Code Civ. Proc., § 581c.) There is nothing in the present action.

Although it is true that under sections 1712 and 1713, Civil case that can be considered a voluntary dismissal or a failure to prosecute on the part of plaintiffs in the claim and delivery

Code, Budke has a duty to return the property which he wrongfully obtained possession of, there has been as yet no judgment which has decreed a return of the property to appellants. ■ "In interpreting the language of a bond, the courts cannot impose upon the sureties another or different contract from that which the parties made; . . ." (8 Cal. Jur.2d 617, § 35.)

It therefore appears that the demurrer was properly sustained without leave to amend as to this defendant, as no cause of action was stated against the surety.

Judgment affirmed.

Nourse, P. J., and Dooling, J., concurred.