[Civ. No. 1656.   Second Appellate District.—February 28, 1916.]

## SAN DIMAS QUARRY COMPANY (a Corporation), Appellant, v. AMERICAN SURETY COMPANY · OF NEW YORK (a Corporation), Respondent.

STREET LAW—RECOVERY UPON BOND—PLACE OF FILING STATEMENT OF CLAIM.—In a case of street improvement work done under contract with a municipal corporation in accordance with the Street Work Act of 1885 (Vrooman Act) and amendments thereto, a claimant furnishing material therefor who seeks to recover on the bond given in connection with the contract must file his statement of claim, as directed by section 6½ of such act, with the superintendent of streets, and such a statement filed with the board of trustees and not delivered to such superintendent or filed in his office is not a compliance with such section, although the same was addressed to both the superintendent and board of trustees.

ID.—PUBLIC WORK—FILING STATEMENT OF CLAIM—INAPPLICABILITY TO CONTRACTS UNDER VROOMAN ACT.—The act of March 27, 1897 (Stats. 1897, p. 201), requiring mechanics employed upon public work who seek to recover upon the contractor's bond to file the statement of their claims with the board of trustees, is not applicable to work done under the Vrooman Act, as the adoption of section 6½ of such act (Stats. 1899, p. 23) in 1899 repealed the act of 1897 in so far as such act could be said to be applicable to work which came under the scope of such section.

ID.—STATUTORY BOND—CONDITIONS OF RECOVERY.—In an action to recover upon such a bond it is essential that the plaintiff show that all the requisites of the statute have been observed, as he cannot recover thereon as a common-law bond.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Eugene P. McDaniel, Judge presiding.

The facts are stated in the opinion of the court.

Flint, Gray & Barker, Gray, Barker & Bowen, and William A. Bowen, for Appellant.

A. J. Sherer, Arthur G. Baker, and W. M. Walker, for Respondent.

CONREY, P. J.—The plaintiff appeals from the judgment entered in this action in favor of defendant American Surety Company of New York, and also appeals from an order denying plaintiff's motion for a new trial.

On April 8, 1911, one L. H. McGowan, as contractor, entered into a contract with the street superintendent of the city of Covina for certain street improvement work. The contract was authorized and the work done in accordance with the Street Work Act of 1885, commonly known as the Vrooman Act, and the amendments thereto. In connection with the act of entering into this contract, and on the same date, the contractor, as principal, and the defendant American Surety Company of New York, as surety, executed a bond to the city of Covina, payable in the event that said principal should fail to pay for any materials furnished for the work of improvement described in the contract, or for any work or labor done thereon of any kind; and the bond by its terms was made for the benefit of any and all persons, companies, or corporations performing labor on or furnishing material to be used in said work of improvement. The plaintiff having furnished materials for that work and the principal having failed to pay therefor, this action was prosecuted to recover on the bond.

Section 6½ of the Vrooman Act was adopted in 1899, and requires the contractor to give a bond such as was given in this case. That section further provides: "Any materialman, person, company, or corporation, furnishing materials to be used in the performance of said work specified in said contract, . . . whose claim has not been paid by the said contractor, company, or corporation, to whom the said contract was awarded, may, within thirty days from the time said improvement is completed, file with the superintendent of streets a verified statement of his or its claim, together with a statement that the same, or some part thereof, has not been paid. At any time within ninety days after the filing of such claim, the person, company, or corporation, filing the

same, or their assigns, may commence an action on said bond for the recovery of the amount due on said claim, . . . " The court found, and the evidence shows, that appellant did not, within thirty days after said improvement was completed, or at all, file with the superintendent of streets any statement of its claim. It did, within said period of thirty days, prepare a statement of claim in due form and send it with a letter addressed to the board of trustees of the city of Covina. This letter, signed by an attorney of the plaintiff, stated that ''We herewith file said claim with the board of trustees of the city of Covina.'' The statement of claim was received by the city clerk, who opened it and placed it in the city's safe, to which the president of the board of trustees and the clerk had access. The evidence shows that the statement of claim was not delivered to the superintendent of streets or filed in his office, that it was never in his possession or under his control, and that he did not even know of its existence until at least six months after it was received by the clerk.

There is another statute, approved March 27, 1897, entitled, ''An act to secure the payment of the claims of materialmen, mechanics, or laborers, employed by contractors upon state, municipal, or other public work.'' (Stats. 1897, p. 201.) This act provides that ''Every contractor, person, company, or corporation, to whom is awarded a contract for the execution or performance of any building, excavating, or other mechanical work, for this state, or by any county, city and county, city, town, or district therein, shall, before entering upon the performance of such work,'' file a bond as described in said act. The required provisions of the bond under this act and the purposes of the bond and the requirement as to giving of notice of claim prior to the commencement of any action thereon, are stated in terms almost identical with the language used in section $6\frac{1}{2}$ of the Vrooman Act, but with one important difference. The act of 1897 (as in force when the bond sued on herein was made) required that a claimant seeking to recover upon such bond, ''shall, within thirty days from the time such work is completed, file with the commissioners, managers, trustees, officers, board of supervisors, board of trustees, common council, or other body by whom such contract was awarded, a verified statement,''

etc.; whereas section 6½ (enacted in 1899) of the Vrooman Act requires that the statement of claim be filed *with the superintendent of streets.*

Although the notice of claim in this case begins with the words, ''To the Superintendent of Streets and Board of Trustees of the City of Covina, State of California,'' we cannot agree that the act of the plaintiff in filing it or sending it to be filed with the board of trustees was in any sense a compliance with the requirement of section 6½ that the claim be filed with the superintendent of streets. If section 6½ constitutes the law applicable to this case, it must be concluded that the plaintiff has failed to perform a necessary condition precedent to its right to recover against the surety on the bond.

Although the act of 1897 is quite general in its terms, it is at least doubtful whether it ever was intended to apply to contracts awarded under the terms of the Vrooman Act. Although contracts under the Vrooman Act are awarded by the city authorities and entered into by the superintendent of streets, the funds for payment of the contractor are obtained by special assessments levied against the property fronting upon the street, and are not paid out of the city treasury. *French* v. *Powell*, 135 Cal. 636, [68 Pac. 92], relied upon by appellant as an instance where a bond given to secure payment of claims arising out of the construction of a tunnel was held to be a bond given under the act of 1897, is not in point. The contract in that case was not made under the Vrooman Act, but was made by the city on its own behalf and the work was paid for out of the general funds of the city. But even if it be conceded that the act of 1897 at the time of its enactment was applicable to the case of street work done under the Vrooman Act, then we are of the opinion that the adoption of said section 6½ (approved February 21, 1899; Stats. 1899, p. 23) repealed the act of 1897 in so far as that act could be said to be applicable to work which came within the scope of section 6½. If such street work was included in the act of 1897, it was a special class of work distinct in character from work under contracts made and paid for directly by the state or any of its subdivisions. It was competent for the legislature to enact legislation particularly applying to this class of work. In so doing the legislature,

no doubt for sufficient reasons, determined that a claimant under the bond should file his claim with the superintendent of streets. Under this provision the surety on the bond, if it desired to know whether any claims had been filed under which it would be liable, would be entitled to examine the records of the office of the superintendent of streets at the expiration of thirty days from the time of completion of the improvement, to ascertain whether any claims had been filed. If it found no claims filed there, no duty devolved upon it to extend its inquiry to other city offices, and it might safely neglect to concern itself further with regard to the contract or bond, or with regard to the responsibility or solvency of its principal. To hold otherwise would be contrary to the plain purpose of enactment of section 6½.

Finally, counsel for appellant insist that it is entitled to recover upon the bond as a common-law bond, in which event it was not required to file notice of claim with any city officer. Upon this matter there was a conflict of authority which had not been settled when appellant's briefs were filed in this case. Since that time, however, the cases upon which it relies have been overruled. We refer to *Miles* v. *Baley,* 170 Cal. 151, [149 Pac. 45], decided by the supreme court of California on May 11, 1915. The bond in that case was given under the act of 1897 and in connection with a contract for the erection of a high-school building. Referring to *Union Sheet Metal Works* v. *Dodge,* 129 Cal. 390 [62 Pac. 41], and *People's Lumber Co.* v. *Gillard,* 136 Cal. 55, [68 Pac. 576], the court conceded that the opinions in those cases do tend to sustain the position that an instrument like the one there under consideration might be upheld as a good common-law bond without regard to the statute requiring the giving of a bond; and then, after discussing certain other decisions and the reasons therefor, definitely concluded that *Union Sheet Metal Works* v. *Dodge,* and *People's Lumber Co.* v. *Gillard* should, as to this particular question, be regarded as overruled.

In *Miles* v. *Baley,* 170 Cal. 151, [149 Pac. 45], it was distinctly stated that "if the instrument is a statutory bond, it was manifestly essential for the plaintiff to show that all the requisites of the statute vital to the support of an action upon the bond by materialmen, etc., had been observed by his assignors, and the silence of plaintiff respecting that vital

matter amounts to a total failure to state a cause of action upon the bond in favor of plaintiff or his assignors.'' The rule so stated is applicable in the case at bar.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.