[L. A. No. 4950.  Department One.—August 16, 1919.]

## CALIFORNIA PORTLAND CEMENT COMPANY (a Corporation), Respondent, v. J. L. BOONE, Receiver, etc., Appellant.

[1] STREET LAW—IMPROVEMENT ACT OF 1911—ACCEPTANCE OF WORK AND MAKING OF ASSESSMENT — DUTY OF SUPERINTENDENT OF STREETS.—Under the provisions of section 21 of the Improvement Act of 1911 (Stats. 1911, p. 730), the power to accept the work and make the assessment to cover the cost thereof is vested directly in the street superintendent, and it is nowhere provided in the act that the assessment shall be ordered or approved by the board of trustees or city council except as provided for in section 30.

[2] ID.—CERTIFICATE OF FINAL ACCEPTANCE OF WORK.—The Improvement Act of 1911 does not require that there shall be a certificate of final acceptance of the work by the street superintendent after he has certified to the board of trustees that the work has been completed to his satisfaction.

[3] ID.—ACCEPTANCE OF WORK PIECEMEAL—POWER OF STREET SUPERINTENDENT NOT CHANGED.—The fact that the contractor requested that the work be accepted piecemeal as provided in section 30 of the Improvement Act of 1911, and that the board of trustees granted the request, did not change the plain provisions of the act that the work must in all cases be done under the direction and to the satisfaction of the superintendent of streets as required by section 18, and that he alone had power to accept the work as completed, even though if he refused to accept, the contractor could appeal to the council under section 21.

[4] ID.—RESOLUTION ORDERING ASSESSMENT—LEGAL ACCEPTANCE OF IMPROVEMENT—BINDING EFFECT.—The resolution of a board of trustees ordering an assessment to cover the cost of improving a street in compliance with the contractor's petition supported by the

certificate of the street superintendent, amounted to a legal acceptance of the improvement under the contract as completed, binding as between the city and the contractor, and also binding upon a materialman seeking recovery on the contractor's bond.

[5] ID.—FILING OF CLAIMS—TIME.—Under section 19 of the Improvement Act of 1911, providing any materialman whose claim has not been paid by the contractor may, within thirty days from the time the improvement is completed, file with the superintendent of streets a verified statement of his claim, such a claimant may file his claim without waiting for the final completion or acceptance of the entire work.

[6] APPEAL—ORDER DENYING MOTION TO STRIKE OUT.—An order denying a motion to strike out parts of a complaint is not an appealable order.

[7] ID.—POINT NOT MENTIONED IN BRIEFS.—An appeal from an order denying a motion to strike out parts of a complaint will be ignored where the point is not mentioned in the briefs.

APPEAL from a judgment of the Superior Court of Los Angeles County. H. T. Dewhirst, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

A. J. Sherer and Robert Young for Appellant.

G. C. De Garmo and Alexander Macdonald for Respondent.

LAWLOR, J.—This is an appeal by defendant J. L. Boone, receiver of the Commonwealth Bonding and Casualty Insurance Company, from a judgment of the superior court of Riverside County entered in favor of the plaintiff and against this defendant in the sum of $4,922, with interest thereon, and with costs amounting to $45.60, and from an order denying his motion to strike out certain parts of the amended complaint.

It appears that on May 21, 1914, a contract was entered into between O. F. Easley, who later assigned the contract to the Easley Construction Company, a corporation, defendant herein, and A. B. Tuthill, as superintendent of streets of the city of Corona, Riverside County, under the provisions of the "Improvement Act of 1911" (Stats. 1911, p. 730), for the improvement of a portion of Main Street, in that city, by paving, laying sidewalks, gutters and curbs, beginning twenty-two

feet south of the center line of the main track of the Southern California Railway Company and extending to the north line of Lemon Street. In compliance with section 19 of the Improvement Act of 1911, O. F. Easley furnished a bond for the benefit of materialmen and laborers, upon which bond the Commonwealth Bonding and Casualty Insurance Company, original defendant in this action, and for which defendant, J. L. Boone, receiver, was substituted at the time of the trial, became his surety.

Action was brought on this bond by the plaintiff to recover the sum of $9,146.21, the balance due on the purchase price of materials used in the work of improvement under the contract, consisting of cement and crushed rock furnished by the plaintiff to the Easley Construction Company, between June 24, 1914, and August 5, 1914. The Easley Construction Company defaulted in the action and judgment was entered against it for the full amount, from which judgment no appeal was taken. The judgment of $4,922 entered against defendant J. L. Boone, receiver, was solely for the cement, nothing being allowed for the crushed rock alleged to have been furnished, for the reason that the plaintiff in its verified claim did not specify any material except cement.

The principal questions involved in this appeal relate to the form of verified statement required by section 19 of the Improvement Act of 1911, and to the question of whether the verified statement was filed with the superintendent of streets within thirty days from the time the improvement under the contract was completed, involving as preliminary to the last question the one as to the time of completion of the work of improvement. Section 19 contains the following provision:

"Any materialman, . . . whose claim has not been paid by the said contractor, company or corporation, to whom the said contract was awarded, may, within thirty days from the time said improvement is completed, file with the superintendent of streets a verified statement of his or its claim, together with a statement that the same or some part thereof, has not been paid."

Concerning the question as to when the work of improvement was completed the following facts appear: On September 24, 1914, the board of trustees of the city of Corona, acting under the authority conferred upon it by section 30 of the Improvement Act of 1911, and upon the presentation of

certificates by the superintendent of streets and the city engineer, in support of the petition of the contractor, stating that the work had been completed according to the terms of the contract from twenty-two feet south of the center line of the main track of the Southern California Railway to the center line of Olive Street, passed a resolution ordering the street superintendent to make the assessment for that part of the work. Section 30 reads as follows: "The council, instead of waiting until the completion of the improvement, may, in its discretion, and not otherwise, upon the completion of two blocks or more of any improvement, order the street superintendent to make an assessment for the proportionate amount of the contract completed, and thereupon proceedings and rights of collection of such proportionate amount shall be had as provided in the preceding sections."

On November 11, 1914, the city engineer and the street superintendent certified to the board of trustees that the remainder of the work of improvement had been completed according to the terms of the contract. The certificate of the street superintendent, after describing the newly finished portion as that part of Main Street lying between the center line of Olive Street and the north line of Lemon Street, concluded:

"That prior hereto the said Easley Construction Company, to my entire satisfaction and approval and in accordance with said street contract No. 28, has completed the improvement, and all of it, on Main Street from a point twenty-two feet south of the center line of the main track of the Southern California Railway Company to the center line of Olive Street. *That all of said improvement* under said contract No. 28, per the terms of the contract, *have prior hereto been completed* and to my entire satisfaction and approval.

"Dated Corona, California, Nov. 11th, 1914." (Italics ours.)

Acting upon this certificate the board of trustees, on November 17, 1914, passed the following resolution:

"A resolution ordering the street superintendent of the city of Corona to make an assessment for the proportionate amount of the contract for the improvement of Main Street from the center line of Olive Street to the north line of Lemon Street, completed.

"Whereas, as will appear from the records and proceedings of the street superintendent of the city of Corona, O. F. Eas-

ley, the original contractor for the improvement of Main Street . . . has improved said Main Street from the center line of Olive Street to the north line of Lemon Street, the amount of the completed portion of said improvement being more than two blocks; and

"Whereas, the work of said improvement has been performed satisfactorily to said street superintendent *and has been accepted by said street superintendent,* as in compliance with the plans, specifications and contract for said improvement; and

"Whereas, said contractor together with the Easley Construction Company, has and have filed with this board of trustees a petition praying that an order issue therefrom to the said street superintendent directing him to make an assessment for the proportionate amount of the contract completed; and

"Whereas, it appears, upon consideration of said petition and the facts in the premises, that it is one that may properly be granted under the provisions of section 30 of an act of the legislature of the State of California, commonly known as the Improvement Act of 1911, and that such order should issue.

"Now, therefore, be it resolved by the board of trustees of the city of Corona that the street superintendent of said city be and he hereby is ordered and directed to make an assessment for the proportionate amount of the contract completed on said Main street from a point twenty-two feet south of the center line of the main track of the Southern California Railway to the north line of Lemon Street, under said street contract No. 28; and it is further resolved that the amount of work for which an assessment is hereby ordered to be made is as follows, to wit:

"All of the work and improvement as contemplated and as required under said street contract No. 28, together with the plans, profiles and specifications forming a part of said street contract No. 28 on said Main Street from the center line of Olive Street to the north line of Lemon Street.

"Be it further resolved, that the city clerk be and he is hereby directed to transmit a copy of this resolution to the said street superintendent forthwith.

"Introduced, adopted and approved this 17th day of November, 1914."   (Italics ours.)

On November 10, 1914, T. J. Fleming, the secretary and general manager of the plaintiff company, wrote to the superintendent of streets as follows:

"Please advise in the enclosed stamped return envelope the exact date of completion of contract of the Easley Construction Co., on Main Street, Corona, also date of acceptance and date of issuance of the warrant, when the same has been issued, and greatly oblige,

"Very truly yours,

"T. J. FLEMING,

"Sec'y & Gen. Mgr."

To which inquiry the street superintendent replied as follows:

"Yours received. Should have answered before but have been very busy on account of the races. The street is about completed and warrant will be issued early next week. Will let you know when same is turned over if you wish.

"Very truly,

"A. B. TUTHILL."

The plaintiff made further inquiry of the street superintendent on November 19, 1914, as follows:

"Yours of the 16th received, relating to Easley contract on Main street, and we will be under many obligations to you if you will kindly advise us when the street is completed and the warrant turned over. Addressed stamped envelope is inclosed for your reply, and with kindest regards, we are,

"Very truly yours,

"T. J. FLEMING.

"Sec'y & Gen. Mgr."

To this letter the street superintendent made the following reply:

"Your favor of the 19th instant received. In reply will say that work is completed on Main street and I have this day issued warrant, diagram and assessment dated November 30th, 1 o'clock P. M. Trusting the above information is complete,

"I remain very truly,

"A. B. TUTHILL,

"Supt. of Streets."

The above correspondence was admitted in evidence over the defendant's objection that it was irrelevant, incompetent and immaterial. The following certificate was also admitted over a like objection by defendant:

"28.   IMPROVEMENT of Main street from So. Cal. R. R. Track to Lemon street.   O. F. Easley, Contractor.   Date of contract, May 21st, 1914.   September 25th, 1915: I hereby accept the above street from So. Cal. Ry. track to center line of Olive street.   November 30 from center line of Olive street to Lemon street.

"A. B. TUTHILL, Street Supt.

"———, 190—.   Certificate of acceptance issued.

———————————————————,

"Street Superintendent."

Witnesses Frank L. Woodling, M. Terpening, city clerk of Corona, O. F. Easley, the original contractor, and A. B. Tuthill, street superintendent, all called on behalf of the defendant, testified that the work was completed on or before November 11, 1914.   With this evidence before it the court found that "said company proceeded with the completion of said contract and of said street work and completed the same on the thirtieth day of November, 1914."

It is urged by appellant that this finding is against the evidence; that all of the oral testimony and the certificates of the street superintendent and the city engineer, dated November 11, 1914, show conclusively that the work of improvement was completed on that date, and that the resolution passed by the board of trustees of the city of Corona on November 17, 1914, amounted to a formal acceptance of the work.   In our opinion this contention must be sustained.   Section 18 of the Improvement Act of 1911 provides that "The work must, in all cases, be done under the direction and to the satisfaction of the superintendent of streets. . . . The assessment and apportionment of the expenses of all such work, or improvement shall be made by the superintendent of streets in the mode provided by this act."   (Stats. 1911, p. 738.)   Nowhere does the act provide that the assessment shall be ordered or approved by the board of trustees or city council except as provided for in section 30.   [1]   The power to accept the work and make the assessment to cover the cost thereof is vested in the street superintendent direct, under the provisions of section 21, which reads as follows: "Sec. 21.   After the contractor of any street work has fulfilled his contract to the satisfaction of the street superintendent of said city, or city council on appeal, the street superintendent shall make an assessment to cover the sum due for the work performed and specified in said contract, . . . "

[2] There is no provision in the act that there shall be a certificate of final acceptance such as that made by the street superintendent on November 30th; though it is provided by section 36 that the city council shall by ordinance adopt such streets or parts thereof as may have been completed to the satisfaction of the street superintendent. This might imply that the council or board of trustees may require such a certificate before adopting a street. But no such question is presented here. The question to be decided is: When was the work completed? [3] The fact that the contractor requested that the work be accepted piecemeal as provided in section 30, and that the board of trustees granted the request, cannot change the plain provisions of the act that "the work must, in all cases, be done under the direction and to the satisfaction of the superintendent of streets" (section 18), and that he alone, therefore, has power to accept the work as completed. If he refuse to accept, however, the contractor may appeal to the council. (Section 21.)

[4] The board of trustees, in passing the resolution of November 17, 1914, ordering the assessment to cover the cost of improving that portion of Main Street lying between the center line of Olive Street and the north line of Lemon Street, in compliance with the contractor's petition, supported by the certificate of the street superintendent, authorized the payment for all of the work of improvement under the contract. No part remained unfinished. To quote again from the certificate of the street superintendent, "all of said improvement under said contract No. 28, per the terms of the contract, have prior hereto been completed and to my entire satisfaction and approval." This resolution amounted to a legal acceptance of the street improvement under the contract as completed, binding as between the city and the contractor. Such an acceptance of the work as completed must also be considered binding upon the plaintiff, a materialman, seeking recovery on its bond. (*Denny-Renton Clay & Coal Co.* v. *National Surety Co.*, 93 Wash. 103, [160 Pac. 1].) We think, therefore, that the court erred in finding that the work of improvement was completed on November 30th; that the finding should have been that the work was completed on November 11, 1914, and that the thirty-day period, within which materialmen and laborers may file their claims as provided in section 19, began to run from that date. Such a construction

would work no hardship on a reasonably diligent claimant. [5] He is not required to wait for the completion or the acceptance of the work, but can file his claim without waiting for the final completion of the entire work. (*Powell* v. *French*, 135 Cal. 636, [68 Pac. 92]; *Hub Hdw. Co.* v. *Aetna Accident etc. Co.*, 178 Cal. 264, [173 Pac. 81].)

It is further urged by appellant that, even though it should be conceded that the work was completed on November 30th, the plaintiff did not file its verified claim within thirty days, as prescribed by the act. It appears that a representative of the plaintiff left Los Angeles at about 1 P. M. on December 30th and arrived in the city of Corona at 4:30 on the same afternoon, for the purpose of filing the plaintiff's claim with the superintendent of streets. This messenger found the office of the street superintendent closed and was told that the street superintendent had gone into Los Angeles at 11 o'clock that morning. After waiting until 8 o'clock that night for him to return, the messenger left the verified claim with the city clerk of the city of Corona, who has an office in the same building as the superintendent of streets, with instructions that the claim should be filed with the superintendent of streets at the earliest possible moment. At 9 o'clock the next morning, December 31, 1914, the city clerk filed the claim with the superintendent of streets. This, appellant contends, did not comply with the statutory requirement that a materialman may "*within thirty days from the time said improvement is* completed, file, with the superintendent of streets a verified statement of his or its claim." In view of the fact that we are of the opinion that the court erred in finding that the work was completed on November 30, 1914, it is not necessary to discuss this point.

[6] We have ignored the appeal from the order denying the motion to strike out, for two reasons; first, because such an order is not appealable (Code Civ. Proc., sec. 963), [7] and, second, the point is not mentioned in the briefs.

Judgment reversed.

Shaw, J., and Olney, J., concurred.