[Civ. No. 6684.   Second Appellate District, Division One.—October 10, 1931.]

H. G. SMITH, Plaintiff and Respondent, v. J. R. Mc-KNIGHT, Defendant and Respondent; F. H. DOLAN et al., Appellants.

Benno M. Brink for Appellants.

Fred W. Heatherly and Alfred W. Allen for Plaintiff and Respondent.

Horace P. Babson for Defendant and Respondent.

BISHOP, J., *pro tem.*—So far as pertinent to our problem, the provisions of section 19 of the Improvement Act of 1911 are the following (effective in the year 1925) : ''Every contractor . . . to whom is awarded any contract for street work under this act, shall . . . file . . . a good and sufficient bond . . . to inure to the benefit of any and all persons . . . who perform labor on, or furnish materials to be used in said work of improvement. . . . Any laborer, materialman . . . whose claim has not been paid . . . may, at any time prior to thirty days after the recording of the assessment, for said work, file with the superintendent of streets, a verified statement of his or its claim, together with a statement that the same, or some part thereof, has not been paid. At any time within ninety days after the filing of

such claim, the persons . . . filing the same . . . may commence an action . . . on said bond . . . '' ▮ Because there is neither allegation, nor proof, nor finding of fact, that plaintiff had filed his claim within the time prescribed, his judgment, recovered on a bond given under this section by the appealing sureties, must be reversed. This was the conclusion reached in *Republic Iron & Steel Co.* v. *Patillo*, (1912) 19 Cal. App. 316 [125 Pac. 923], where provisions of the Vrooman Act, in all essentials identical with the provisions quoted above, were applied. It is a conclusion further supported by *Miles* v. *Baley*, (1915) 170 Cal. 151 [149 Pac. 45] ; *San Dimas Quarry Co.* v. *American Surety Co.*, (1916) 30 Cal. App. 3 [157 Pac. 548] ; *Evans* v. *Shackelford*, (1923) 64 Cal. App. 750 [222 Pac. 846]. See, also, the discussion in *Hub Hardware Co.* v. *Aetna Accident & Liability Co.*, (1918) 178 Cal. 264 [173 Pac. 81], and in *California Portland Cement Co.* v. *Boone*, (1919) 181 Cal. 35 [183 Pac. 447].

The judgment is reversed in so far as it affects appellants F. H. Dolan and Josephine H. Dolan.

Conrey, P. J., and York, J., concurred.