## KNOTT, Sheriff, v. SHERMAN *et al.*

1. Where property is levied upon as the property of a judgment debtor, to satisfy a judgment against him, and the same is replevied from the sheriff by other parties claiming to own it, but who fail to prosecute such action, in an action by the judgment creditor, or by the sheriff representing him, on the undertaking given in the replevin action, his right to recover rests upon his right to have the replevied property applied to the payment of such judgment, and so it should be shown that such judgment is still unpaid.

2. A sheriff, having an execution against A., and desiring to levy upon books then in the hands of B. & S., served written notice of levy upon them and upon the judgment debtor, but did not take possession of the books. Immediately thereafter the P. Co., claiming to be the owner of the books, commenced an action against the sheriff in claim and delivery, and gave the statutory undertaking. Upon the service of the papers in the action by the coroner upon the sheriff, the latter gave the coroner an order on B. & S. for the books, and the coroner thereupon gave the sheriff a receipt for the books "as in the hands of B. &. S." B. & S. refused to allow the coroner to take the books, claiming a lien upon the same for printing and binding, superior to that of the sheriff or the coroner. The P. Co. immediately procured an order of court dismissing its action, and at once notified the sheriff. Whether or. not B. & S. receipted to the sheriff for the books was a disputed fact, upon which the court made no finding. *Held,* in an action on the undertaking given in the claim and delivery action, that the coroners receipt to the sheriff did not estop the sure-

ties from showing these facts, and that the coroner could not and did not get possession of the books; that the sheriff lost nothing and that the coroner gained nothing by the exchange of such order and receipt; and that, consequently, there was neither consideration for such undertaking nor claim for damages thereunder.

(Syllabus by the court.    Opinion filed Oct. 1, 1895.)

Appeal from circuit court, Minnehaha county.    Hon. JOSEPH W. JONES, Judge.

Action on a statutory undertaking in claim and delivery. Defendants had judgment, and plaintiff appeals.    Affirmed.

The facts are stated in the opinion.

*Davis, Lyon & Gates*, for appellant.

A qualified denial of the defendant in his answer is in legal effect an admission of the plaintiff's allegations.    Clark v. Dillon, 97 N. Y. 370; Mattoon v. Railroad, 60 N. W. 69.    Where a person gives a receipt for property, he is estopped from denying that he received the property.    Dewey v. Field, 4 Met. 381; Bursley v. Hamilton, 15 Pick. 50.    When a plaintiff does not prosecute a replevin suit, the sureties became liable upon their undertaking.    Cobby Rep. § 1256;    Berghoff v. Heckwolf, 26 Mo. 511; 20 Am. and Eng. Enc., 1138; Linsay v. Blood, 2 Mass. 518; Perse v. Watrous, 30 Conn. 139; Manning v. Manning, 26 Kan. 98; Wiseman v. Lynn, 39 Ind. 250; Davis v. Patrick, 57 Fed. 909; Biddinger v. Pratt, 35 N. E. 795.

*C. L. Brockway*, for respondents.

KELLAM, J.    This was an action on a statutory undertaking in a claim and delivery action.    On June 29, 1894, the plaintiff, as sheriff, had in his hands for collection an execution against H. M. Avery.    On that day, desiring to levy upon certain books as the property of said Avery, being copies of the Sioux Falls Directory, then being printed and bound by Brown & Saenger, printers and binders, under a contract with the Pettibone Directory Company, the said sheriff, by one of his deputies, served upon said Brown & Saenger, by leaving the same at their office, a copy of said execution, and a notice of levy

upon said books, and also served another copy on the execution debtor. The books were never actually taken into the possession of the sheriff. He testifies that Brown & Saenger receipted for the same to his deputy, though he was unable to find the receipt. Saenger testified that he is quite positive that no receipt was given. On July 13th the Pettibone Directory Company commenced an action against the sheriff for the recovery of the said property, and gave the statutory undertaking thereon, which is the undertaking sued upon in this action. When the coroner served the papers in this claim and delivery action upon the sheriff, July 14th, the latter gave him a written order on Brown & Saenger for the property, and, upon the strength of such order, the coroner gave him a receipt for the same. On July 16th, upon presentation by the coroner to Brown & Saenger of the sheriff's order for the books, they refused to deliver them until their claim was paid for printing and binding the same. On the same day, the Pettibone Company, plaintiff in the claim and delivery action, procured an order of court dismissing the action, and immediately served the same on the sheriff, with notice of release of any claim upon the property. Subsequently the Pettibone Company received the books from said Brown & Saenger, who were printing and binding the same under a contract with said company, but none of them were ever delivered either to the sheriff or the coroner. Avery was a stockholder and officer of the Pettibone Company. These, as appears to us, are the practically undisputed facts, the contention being, not over the facts, but over the legal effect of such facts. The case was tried to the court without a jury. The plaintiff proposed findings of fact, which were rejected by the court. It made findings of its own, upon which it gave judgment for the defendants, and the plaintiff appeals.

It is noticable that the complaint nowhere alleges, either expressly or inferentially, that the judgment against Avery was unpaid when this action on the undertaking was brought. In this action the sheriff represents the creditor in

the judgment against Avery, and his right to recover rests up-
on the right to have the replevied property applied to the pay-
ment of such judgment. It has been held that a complaint
fails to state à cause of action on such undertaking, unless it
shows that the original judgment is still unpaid. Cobbey,
Repl. § 1277; Parrott v. Scott, 6 Mont. 340, 12 Pac. 763. The
court makes no finding upon this point, and so does not supply
the defect. The plaintiff asked for a finding which, among
other things, said: "Said execution was returned unsatisfied."
Assuming that this finding would have been supported by the
evidence of the sheriff's return on the execution, it would not
meet the requirements of the authorities just cited, for, inter-
mediate the return of that execution and the commencement of
this action, the judgment might have been otherwise satisfied.
It seems reasonable to require the plaintiff to exhibit facts
showing some possible injury to him, and the very primary
one would be that his judgment was still unpaid, for that
would be the only condition making redress on the undertak-
ing necessary. Whether this was the view of the trial court,
and influenced or controlled his decision, we have no means of
knowing. But, further than this, we cannot agree with the
claims of appellant on the point which seems to be made almost
a pivotal one in the discussion of the case, to wit, that the
sureties on this undertaking are estopped from showing that the
coroner was unable to and never did obtain possession of these
books, and that consequently the replevin proceedings were
immediately abandoned and the sheriff at once so notified. If
one about to commence a replevin action prepares, and has
signed and gives to the officer, with other necessary papers, a
proper statutory undertaking, but the officer is unable to find
or get possession of the property sought to be recovered, there
would, of course, be no right of action on the undertaking, for
it would never have become operative. There would be no
consideration for it. Neither party would have suffered any
detriment or received any advantage from it.

But the appellant claims that the coroner's receipt to the sheriff estops him and the Pettibone Company, for whom he was acting, and so these sureties, from showing either that the sheriff did not surrender to him, or that he did not get possession of the property, and cites cases holding that where one, with full knowledge of all the facts, receipts to an officer for property levied upon by him, he is estopped from afterwards setting up title in himself, as against the officer's title by his levy. It is unnecessary to observe that even this rule has perhaps as often been denied as affirmed, for this is not such a case, either in fact or principle. In that case the receiptor simply represents the officer. His possession is a continuation of the officer's possession, and, upon the same principle that a tenant ought not to be allowed to dispute the title of his landlord under whom he holds, it has been held, but not always, that the receiptor ought not to be allowed to dispute the title of the officer he represents and under whom he has undertaken to hold. In this case the coroner gave no such receipt. He had a writ against the sheriff by which he sought to take from him property alleged to be in his possession. The sheriff never had taken or had possession in fact, but claimed to hold the receipt of Brown & Saenger for the same. The sheriff gave him an order on Brown & Saenger for the property, and presumably with the understanding and expection that the order would precure the property, gave him a receipt for it, "as in the hands of Brown & Saenger," but the order did not procure the property. Brown & Saenger, for reasons which the coroner's writ would not overcome, to wit, a lien for the making of the books, refused to allow him to take them. Suppose that, before he gave the receipt, the property had been taken from Brown & Saenger on a valid chattel mortgage, superior to the sheriff's levy, and taken out of the reach of his writ; would the coroner, by force of such receipt, be estopped from showing the fact, and held to have had possession which it is plain he never did have? But that was practically what

was done; for Saenger testifies that they refused to allow either the sheriff or the coroner to take the books, for they had a lien on them superior to the claim of either. The only element in the case which could be a consideration for the under-taking was the release by the sheriff of his claimed levy on the books, but he had no levy, unless the Brown & Saenger receipt so supplemented the notices which he served as to make and prove it. The court finds in detail what notices he did serve, and that he never took any possession of the property, and does not find that the same was ever receipted to him by Brown & Saenger or anybody else; and the evidence itself leaves that question in doubt, the sheriff testifying that he knew nothing of it personally, but that his deputy who served the papers took a receipt from Brown and Saenger, and he supposed brought it to him, but that he was unable to find it. The deputy, although a witness, said nothing about a receipt being given, and Saenger testified that he was quite positive that he never gave any receipt. Taking the whole record together, we are of the opinion that there was no consideration for the under-taking, and that these sureties are not estopped from showing it. The judgment of the circuit court is affirmed. All the judges concur.