[Civ. No. 48783. Second Dist., Div. Two. Jan. 17, 1977.]

SYMES CADILLAC, INC., Plaintiff and Respondent, v.
INSURANCE COMPANY OF NORTH AMERICA,
Defendant and Appellant.

## COUNSEL

Anderson, McPharlin & Conners and Eric Winter for Defendant and Appellant.

William C. Miller for Plaintiff and Respondent.

## OPINION

**FLEMING, J.**—Insurance Company of North America (INA) appeals a judgment on an undertaking for redelivery in favor of Symes Cadillac, Inc. (Symes).

In December 1973 Symes sold a 1974 Cadillac Eldorado for $8,632.07 to Cavco West, Inc. (Cavco), an automobile leasing company and sometimes insurance agency. Cavco paid by check, then resold the automobile for $8,000 cash to Rodney Wolfe, an acquaintance of Cavco corporate officers. Wolfe took possession of the automobile. When Cavco's check bounced, Symes sued Cavco, Wolfe, and others for damages and repossession of the automobile.

To obtain immediate repossession of the automobile pending trial, Symes posted an undertaking for delivery.[1] To prevent the repossession, an undertaking for redelivery by INA was posted on behalf of Cavco and Wolfe. After trial, the court found Cavco, which had defaulted, liable to Symes for the cost of the automobile plus interest and expenses ($9,097.11). The court exonerated Wolfe, who retained the automobile as a good faith purchaser.

Unable to collect its judgment from Cavco, Symes brought the instant action against INA on its undertaking for redelivery. INA denied liability on grounds of mistake, estoppel and lack of consideration. At trial, Wolfe testified that when Symes sought to repossess the automobile, he asked Bruce Kipley, an INA agent and former officer of Cavco who also was named as defendant in Symes' suit for repossession, to obtain an undertaking for redelivery. Edward Hallman, a senior underwriter for INA, testified that Kipley telephoned him to order the redelivery bond. They were unsure who was the proper defendant to name on the undertaking. Hallman knew Kipley had been associated with Cavco, so he decided to list both Wolfe and Cavco on the bond. If that was wrong,

---

[1]The claim and delivery statutes in effect at relevant times herein were former Code of Civil Procedure sections 509-521. Section 509 provided: "The plaintiff in an action to recover the possession of personal property may, at the time of issuance of summons, or at any time before trial claim the delivery of such property to him as provided in this chapter."

On a proper showing of cause, the court could issue a writ of possession. Section 511, subdivision (b), however, provided: "A writ of possession shall not issue until plaintiff has filed with the court a written undertaking executed by two or more sufficient sureties, approved by the court, to the effect that they are bound to the defendant in double the value of the property, as determined by the court, for the return of the property to the defendant, if return thereof be ordered, and for the payment to him of any sum as may from any cause be recovered against the plaintiff."

The defendant could block issuance of the writ by posting his own *undertaking for redelivery* pursuant to section 514: "At any time prior to the hearing of the order to show cause, or before the delivery of the property to the plaintiff, the defendant may require the return thereof upon filing with the court a written undertaking executed by two or more sufficient sureties, approved by the court, to the effect that they are bound in double value of the property . . . if such delivery be ordered, and for the payment to him of such sum as may for any cause be recovered against the defendant."

thought Hallman, Kipley's or Wolfe's attorney would correct the error and return the undertaking to INA. Wolfe paid the $259 premium and INA issued its undertaking for redelivery pursuant to Code of Civil Procedure section 514 in the amount of $17,264.14 on behalf of "Cavco West Incorporated and Rodney Wolfe Defendants." The undertaking provided that INA "does hereby obligate itself, jointly and severally, to plaintiff [Symes] under said statutory obligations." Hallman testified that if he had fully understood the facts, he would have issued the undertaking on behalf of Wolfe only.

The trial court found that INA intended to cover Cavco in its undertaking and made no mistake in covering Cavco. The court rejected INA's defenses and concluded INA was liable on its undertaking to Symes for $9,097.11 plus interest and costs.

■ The judgment must be reversed, for the facts present no grounds for liability of INA to Symes on the undertaking for redelivery. No liability attaches through Wolfe, of course, since Wolfe has no liability. No liability attaches through Cavco, contrary to the trial court's conclusion, since Cavco never possessed the automobile during the life of INA's undertaking for redelivery. The undertaking for Cavco was without consideration to Symes. The condition precedent to liability on the undertaking—redelivery or failure of delivery of the automobile— never occurred because Cavco never had the automobile to deliver to Symes.

*Lamb* v. *National Surety Co.* (1930) 108 Cal.App. 297 [291 P. 647], is an analogous case. In *Lamb,* an automobile owner refused to pay repair charges, so the repairman retained the automobile and threatened to sell it for his charges. Owner instituted an action for claim and delivery and posted an undertaking in which the surety guaranteed return of the automobile to the repairman and payment of any damages awarded to repairman in the claim and delivery action. Repairman, however, never gave up the automobile. In the trial on claim and delivery, repairman prevailed. Repairman sold the automobile and sued the surety for the deficiency on his judgment. The appellate court affirmed the trial court's denial of surety's liability on the undertaking: "[T]he bond must fail as a claim and delivery undertaking for the reason that the consideration of the bond has failed. It is undisputed that the property was not taken by the sheriff. It is well settled that where one gives to an officer a proper undertaking, but the officer takes no property into his possession, no right of action accrues on the undertaking. (*Knott* v. *Sherman,* 7 S.D. 522

[64 N. W. 542].) It is elementary that the primary purpose of a claim and delivery action is to obtain possession of personal property, and the bond required by section 512 of the Code of Civil Procedure is one to indemnify the defendant against the consequence of a taking that may later be adjudged to be wrongful. But in the instant case there was no taking by the sheriff, wrongful or otherwise, and hence the provisions of the undertaking were not in any way violated." (108 Cal.App. at 301.)

The same reasoning applies here. Cavco never possessed the automobile. Symes lost nothing, was prevented from no fruitful action by the posting of the undertaking on Cavco's behalf, and, as ultimately determined by the litigation, was never entitled to possession of the automobile at any time during the period the undertaking was in effect. INA's undertaking was unnecessary and superfluous, and no right of action accrued on it in favor of Symes.

The judgment is reversed and the cause remanded with directions for entry of a new judgment in favor of appellant INA.

Roth, P. J., and Beach, J., concurred.