Opinion
 

 COMPTON, J.
 

 Morton Regent Enterprises, Inc. (Regent) is a distributor of men’s pants. Leadtec California, Inc. (Leadtec) manufactures those items. Regent contracted with Leadtec whereby Regent would furnish bulk material to Leadtec and Leadtec would manufacture a quantity of men’s pants for Regent.
 

 During the performance of the contract a dispute arose between Leadtec and Regent. Regent brought an action for breach of contract and to recover possession of $18,000 worth of the bulk material which had been shipped to Leadtec. Regent availed itself of the provisional remedy of claim and delivery and recovered several thousand yards of fabric which had been provided to Leadtec. Highlands Insurance Company of Houston, Texas (Highlands) provided the surety bond in the amount of $36,000 as required by former Code of Civil Procedure section 511, subdivision (b) (now Code Civ. Proc., § 515.010).
 

 Leadtec filed an answer which, among other things, denied that it had possession of the material because it had already been replevined. Leadtec also filed a cross-complaint for breach of contract and fraud. The cross-complaint prayed for money due for work performed and punitive damages for the fraud.
 

 
 *846
 
 At the trial of the action Regent made no appearance. A judgment was entered in favor of Leadtec and against Regent on both the complaint and cross-complaint.
 

 Thereafter Highlands moved to intervene and to vacate the judgment. This appeal is from the judgment and from the order denying the motions to intervene and to vacate the judgment. Leadtec filed a motion to dismiss a portion of the appeal claiming that Highlands had no standing to appeal from the judgment itself. Leadtec concedes Highland’s standing to appeal from the orders denying the motion to intervene and to vacate the judgment. We conclude that the latter order must be reversed. The motion to dismiss is thereby rendered moot. The judgment, among other things, awarded Leadtec $8,249.93, as the value of the material taken by Regent in its claim and deliveiy proceedings. It is this portion of the judgment to which Highlands objects.
 

 First we must examine the rules governing liability of a surety. A surety is not liable for the acts of the principal which occurred prior to the posting of the bond.
 
 (Anaheim U. W. Co.
 
 v.
 
 Parker,
 
 101 Cal. 483 [35 P. 1048];
 
 People
 
 v.
 
 Great American Ins. Co.,
 
 222 Cal.App.2d 552 [35 Cal.Rptr. 267].) In the case of claim and delivery the surety is liable for judgment which orders return of the property under the bond or a judgment for its value.
 
 (Donovan
 
 v.
 
 Aetna Indemnity Co.,
 
 10 Cal.App. 723 [103 P. 365].)
 

 Here Highlands would be liable for the judgment against Regent for the value of the bulk material taken by claim and delivery. It contends, however, that that portion of the judgment is void for reasons which we will discuss
 
 infra.
 

 Code of Civil Procedure section 387 permits intervention by third parties during trial and before judgment and the general rule is that intervention is not permitted after judgment.
 
 (Hibernia etc. Society
 
 v.
 
 Churchill,
 
 128 Cal. 633 [61 P. 278];
 
 Braun
 
 v.
 
 Brown,
 
 13 Cal.2d 130 [87 P.2d 1009].)
 

 Intervention is allowed after judgment under Code of Civil Procedure section 473 where, because of mistake, surprise, inadvertence or excusable neglect, a default judgment was rendered.
 
 (Linder
 
 v.
 
 Vogue Investments, Inc.,
 
 239 Cal.App.2d 338 [48 Cal.Rptr. 633].) An aggrieved person may intervene after judgment for the purpose of vacating a
 
 *847
 
 default judgment which is void.
 
 (Johnson
 
 v.
 
 Hayes Cal Builders, Inc.,
 
 60 Cal.2d 572 [35 Cal.Rptr. 618, 387 P.2d 394]; 3 Witkin, Cal. Procedure (2d ed.) Pleading, §§ 202, 204, pp. 1875-1876.)
 

 “A party or one in privity with him who has been prevented from obtaining a fair adversaiy hearing through extrinsic fraud or mistake may bring an equitable action to vacate the judgment. [Citations.] A stranger may maintain such an action if his interests have been adversely affected by the judgment.”
 
 (People
 
 ex rel.
 
 Public Util. Com.
 
 v.
 
 Ryerson,
 
 241 Cal.App.2d 115, at p. 119 [50 Cal.Rptr. 246].) That relief is available either in an independent action or by a motion in the action where the judgment was rendered.
 
 (Villarruel
 
 v.
 
 Arreola,
 
 66 Cal.App.3d 309 [136 Cal.Rptr. 19].)
 

 Thus the merits of Highlands’ motions rest upon an analysis of Highlands’ reasons for not intervening prior to judgment and the vulnerability of the judgment itself.
 

 The original complaint was filed July 6, 1973. The bond was posted July 25, 1973, and the cross-complaint was filed October 10, 1973. Insofar as it is relevant here Leadtec’s cross-complaint alleged that Regent was indebted to it in the sum of $8,249.93, for labor performed in manufacturing a quantity of garments.
 

 Subsequently on December 14, 1973, Regent’s assignee for the benefit of creditors sold the material which had been obtained by claim and delivery. Thereafter counsel for Regent and Leadtec conducted negotiations for settlement. An agreement for a stipulated judgment in favor of Leadtec was arrived at but the assignee refused to approve it.
 

 Highlands’ counsel, however, had been advised on July 21, 1975, that the matter was settled and that the original trial date had been vacated. After the settlement negotiations aborted, a new trial date was set for June 16," 1976. On June 8, 1976, Regent’s counsel directed a letter to Highlands’ counsel advising the latter that no appearance would be made on behalf of Regent. That letter arrived in Highlands’ Houston, Texas, office on Friday, June 11, 1976, but did not reach Highlands’ counsel in Los Angeles until June 28. In the meantime trial was held as scheduled on June 16. Regent did not appear. Judgment was awarded to Leadtec as noted.
 

 
 *848
 
 Notice of entry of judgment was given July 7, 1976, and Highlands filed its motion to intervene less than 30 days thereafter, well within the six months period provided in Code of Civil Procedure section 473.
 

 Highlands contends that the judgment purporting to award Leadtec the value of the material is void since the pleadings and the evidence show that the figure of $8,249.93 represented Leadtec’s claim for labor performed in manufacturing completed garments and was not the value of the bulk material which remained on hand in its raw state at the time this dispute arose.
 

 In a default action, a judgment which purports to award relief in excess of the prayer is void.
 
 (Leo
 
 v.
 
 Dunlap,
 
 260 Cal.App.2d 24 [66 Cal.Rptr. 888];
 
 Nemeth
 
 v.
 
 Trumbull,
 
 220 Cal.App.2d 788 [34 Cal.Rptr. 127];
 
 Myers
 
 v.
 
 Washington,
 
 211 Cal.App.2d 767 [27 Cal.Rptr. 778].) A judgment based on facts not pleaded is invalid.
 
 (Clark
 
 v.
 
 Redlich,
 
 147 Cal.App.2d 500 [305 P.2d 239];
 
 Orange County Water Dist.
 
 v.
 
 City of Colton,
 
 226 Cal.App.2d 642 [38 Cal.Rptr. 286].) These principles are as applicable whether the default occurred before or after an answer is filed.
 

 The purpose of the bond which Highlands posted was to indemnify Leadtec against the consequences of a wrongful taking by the claim and delivery action.
 
 (Symes Cadillac Inc.
 
 v.
 
 Insurance Co. of North America,
 
 66 Cal.App.3d 905 [136 Cal.Rptr. 356].) Inasmuch as Leadtec’s pleadings at no time alleged any theory of a wrongful taking, it was reasonable for Highlands to assume that any settlement or judgment would not affect its liability on the bond. The bond was not to guarantee payment of just any judgment that might be entered against Regent. This coupled with the fact that Highlands assumed that Regent would appear and defend the action, makes failure to intervene at an earlier point excusable.
 

 Leadtec’s present contention that the taking was wrongful and that the judgment is proper, is based on its claim that it had a right to retain possession of the material. That claim in turn is based on the theory of either a possessory lien or its right as a seller to identify the unused raw material to the sales contract under California Uniform Commercial Code section 2704.
 

 Prior to the filing of any action, Leadtec notified Regent that pursuant to California Uniform Commercial Code section 2704, it had identified
 
 *849
 
 to the contract all raw materials held in the inventory by Leadtec for Regent. California Uniform Commercial Code section 2704 permits the seller of goods, upon a breach of contract by the buyer, to identify certain finished and unfinished goods to the contract and proceed to dispose of them in a commercially reasonable fashion in order to mitigate damages.
 

 California Uniform Commercial Code section 2704, however, must be read to apply only to raw materials which are the property of the aggrieved seller. That remedy is distinguishable from a possessory lien and does not authorize the seller to appropriate to itself
 
 material furnished by the buyer
 
 upon which no work has been performed. Leadtec’s claim to the property under the circumstances here could only be based on a theory of possessory lien.
 

 The privilege of a bailee of personal property to retain possession of the property until satisfaction of a claim against the bailor is a possessory lien and may be either general or specific. (Civ. Code, § 2873.)
 

 A general lien covers a general indebtedness as to secure performance of all obligations owed, by the bailor to the bailee while a specific lien arises to secure a particular obligation such as payment for work on a specific chattel. (Civ. Code, §§ 2874, 2875; 3 Witkin, Summary of Cal. Law (8th ed.) Personal Property, § 145, p. 1734.)
 

 “Every person, who, while lawfully in possession of an article of personal property, renders any service to the owner thereof, by labor or skill, employed for the protection, improvement, safekeeping, or carriage
 
 thereof,
 
 has a
 
 special lien, thereon, . . . for the compensation
 
 ... for such service; ...” (Civ. Code, § 3051.) (Italics added.)
 

 It is undisputed that at the time of the replevin Leadtec had performed no work or improvement on the goods. The contract between Leadtec and Regent was for the manufacture by Leadtec of particular items, to wit, men’s pants, according to Regent’s specifications and using Regent’s material. It was thus a contract for labor,
 
 (United Iron Wks.
 
 v.
 
 Standard B. C. Co.,
 
 69 Cal.App. 384 [231 P. 567]) to be compensated for by cash payment.
 

 Leadtec relies on
 
 Golden State Orchards
 
 v.
 
 Harter,
 
 93 CaLApp. 390 [269 P. 735], as standing for the proposition that it had a lien on all
 
 *850
 
 material in its possession processed or unprocessed as security for satisfaction of its claim under the contract including expected profits from full performance of the contract.
 

 Golden State Orchards
 
 v.
 
 Harter, supra,
 
 concerned a contract between a fruit grower and a packing and processing company. The contract provided for the grower to deliver its crop to the packer who in turn would
 
 store,
 
 process and deliver it, upon sale, to a buyer. The packer was to receive a fixed fee per ton for the services which covered both
 
 storage
 
 and processing.
 

 After the fruit had been delivered to the packer the grower attempted to terminate the contract by selling the fruit to a third party and withdrawing the crop from the packer’s possession. The packer refused to surrender it.
 

 The court there held that the grower could not breach its contract in that fashion and the packer had a right to retain possession of the crop in order to receive what was due under the contract including expected profits.
 

 We believe that the
 
 Golden State
 
 case must be limited to its facts which are distinguishable from the case at bench. So far as we can determine
 
 Golden State
 
 has never been cited for the proposition which Leadtec asserts.
 

 More persuasive, and comparable is the case of
 
 Golden State Co.
 
 v.
 
 Motor Car Co.,
 
 185 Cal. 402 [197 P. 56], which dealt with a possessory lien asserted by a mechanic who had been employed to repair several vehicles belonging to one individual. It was there held that the mechanic could only exercise a lien as to a vehicle upon which work had been performed and he could not retain possession of the other vehicles as security for that obligation.
 

 Under the circumstances we are of the opinion that it was an abuse of discretion to deny Highlands’ motion to intervene and vacate the judgment.
 

 The orders denying Highlands’ motion to intervene and its motion to vacate the judgment are reversed.
 

 
 *851
 
 The matter is remanded to the trial court with directions to modify the judgment in accordance with the views expressed herein.
 

 Fleming, Acting P. J., and Beach, J., concurred.
 

 A petition for a rehearing was denied November 15, 1977.