Filed 7/24/13  County of Fresno v. Regalado CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE COUNTY OF FRESNO et al., | F064146 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. 01CEFS03891) |
| JUAN REGALADO, | **OPINION** |
| Defendant and Respondent; | |
| RICO R. LOPEZ-FLORES, | |
| Movant and Appellant. | |

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan Skiles, Judge.

Stanley S. Ma for Movant and Appellant.

No appearance for Defendant and Respondent.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Linda M. Gonzalez, Jessica Foster, and Ricardo Enriquez, Deputy Attorneys General, for Plaintiffs and Respondents.

-ooOoo-

## INTRODUCTION

Appellant Rico R. Lopez-Flores claims that DNA testing shows he is the biological father of a minor child. This appeal concerns his challenge to an October 2002 judgment, which declares that another man is the child's father. The judgment was entered in a child support action brought by the County of Fresno Department of Child Support Services (Department) against the other man. Lopez-Flores filed a postjudgment motion for joinder in the child support action, which the superior court denied.

Lopez-Flores filed this appeal, contending the trial court erroneously denied the motion for joinder.

We conclude that the order denying the joinder is equivalent to an order denying a request to intervene and, therefore, is a final and appealable determination of Lopez-Flores's right to proceed in this litigation. We further conclude that Lopez-Flores failed to establish that his motion for joinder, which is unusual because it was made postjudgment, was mandatory under the circumstances of this case.

We therefore affirm the order denying the motion for joinder.

## FACTS AND PROCEEDINGS

During the fall of 1999, Teena Chavez was intimate with Juan Antonio Regalado and appellant Rico Lopez-Flores. In June 2000, Chavez gave birth to a female child (minor child). At that time, Regalado was 16 years old and Lopez-Flores was leaving home for basic training in the Marine Corp.

The legal proceeding involved in this appeal began in November 2001 when the Family Support Division of the Fresno County District Attorney's Office filed a complaint regarding parental obligations against Regalado. The complaint was filed to establish a paternity and child support judgment for the minor child.

In January 2002, Regalado's mother filed an answer to the complaint, since Regalado was still a minor. The answer admitted Regalado was the minor child's father and disagreed with the proposed support payment because Regalado was a minor

2.

attending high school fulltime, was unemployed, and could not afford the requested child support payments.

In May 2002, the superior court held a hearing at which Regalado and his mother did not appear. The commissioner noted the admission of paternity and made a finding of parentage as to the minor child. The commissioner also found that Regalado had the ability to earn minimum wage and ordered temporary monthly child support payments of $246, commencing on July 1, 2002 (a date after Regalado turned 18 years old).

In September 2002, the superior court held another hearing, which Chavez and Regalado attended. The court reiterated its previous finding of parentage and entered final judgment by stipulation of the parties.

On October 28, 2002, the superior court entered a judgment regarding parental obligations that stated the mother and father listed in the complaint (i.e., Chavez and Regalado) were the parents of the minor child and ordered child support payments of $246 per month.

Approximately nine years later, on September 19, 2011, Lopez-Flores filed a notice of motion and declaration for joinder using mandatory Judicial Council Form FL-371 (rev. Jan. 1, 2003). He requested an order joining him as a party to the proceedings in which the judgment regarding parental obligations was entered. In a declaration attached to the notice of motion, Lopez-Flores made the factual assertions described in the following two paragraphs.

Lopez-Flores had dated Chavez in the fall of 1999, but stopped dating her in November 1999. In January 2000, he heard a rumor that Chavez was pregnant. When he saw Chavez in March 2000, he asked her who was the father of her unborn child and she told him that Regalado was the father. In June 2000, he left town for basic training, followed by advanced individual training in Virginia. From April 2001 until January 2006, he was stationed in Oceanside, California. During that time, he saw Chavez five or

3.

six times when he returned to Fowler to visit family and friends. During the occasions he saw Chavez, they did not discuss her children.

From June 2006 until June 2009, Lopez-Flores was stationed in Arlington, Virginia. In November 2008, he returned to Fowler and asked Chavez whether he was the minor child's father because he had been told the minor child resembled him. Chavez again told him that he was not the minor child's father and, even if he was, she would never consider telling him. In August 2010, he returned to Fowler and continued to be told by family and friends that the minor child resembled him. He called Chavez and asked whether she was sure Regalado was the father, to which Chavez told him Regalado was the father and asked him not to bring the subject up again. In 2011, while working in Afghanistan, he communicated with Chavez through Facebook and asked her for a DNA test to see if he was the minor child's father. In June 2011, when he returned from Afghanistan, Chavez agreed to DNA testing. In July 2011, they used DNA swabs and submitted the samples. The results estimated that there was a 99.7 percent probability that Lopez-Flores was the biological father of the minor child. They submitted a second DNA sample, and the tests came back with virtually identical results.

Lopez-Flores's motion for joinder included a request for (1) an order vacating the judgment of paternity, (2) further DNA testing, and (3) an order identifying him as the minor child's father and changing the minor child's last name to Lopez. The motion did not explicitly request visitation, physical control or custody rights.[1] Instead, Lopez-Flores stated that he believed he and Chavez could "work out a parenting plan for our child."

---

[1] Notwithstanding this omission, Lopez-Flores's opening appellant's brief asserts that he "was seeking to enforce his rights and interests in the care, custody and control of [his] biological daughter .…"

Lopez-Flores's motion also asserted that he had filed his own Uniform Parentage Act (UPA) case as Fresno County Superior Court case No. 11CEFL04866, and requested a consolidation of the two cases.

On October 6, 2011, Chavez filed a responsive declaration to Lopez-Flores's notice of motion. Chavez's declaration stated that Lopez-Flores was claiming custody and visitation rights regarding the minor child, indicated that she did not consent to such an order granting such custody or visitation, and stated that she would consent to an order granting her sole legal and physical custody of minor child and providing Regalado with no visitation rights. She also stated she consented to an order that "Rico R. Lopez-Flores is the biological father of the child … and to vacate the judgment in this matter and the orders relating to custody and visitation." The narrative of Chavez's declaration did not discuss Lopez-Flores's paternity claim. Instead, Chavez described her difficulties with Regalado since April 2010 regarding exchanges for visitation and other matters.

On October 7, 2011, the Department opposed the motion of Lopez-Flores to join the proceedings and vacate the judgment. The Department argued that the joinder should be denied because (1) Lopez-Flores lacked standing in the family support action brought by the Department and (2) there was no basis for setting aside the judgment of paternity entered nine years earlier.

On October 12, 2011, the superior court held a hearing on the motion for joinder. Attorneys for Lopez-Flores, the Department, and Chavez appeared at the hearing. Chavez also attended the hearing and a speaker phone was used to allow Lopez-Flores listen to the hearing.

After the presentation of argument, the superior court denied the motion for joinder. The unsigned minute order stated: "The court does not find a basis for granting the motion for joinder."

In December 2011, Lopez-Flores filed a notice of appeal from the order denying his request for joinder.

5.

Later in December, the superior court signed and filed an order prepared by counsel for Lopez-Flores which stated that the "request for joinder is denied." Lopez-Flores later filed an amended notice of appeal that referenced both the minute order of October 12, 2011, and the order filed December 30, 2011.

In January 2012, this court filed an order directing Lopez-Flores to address whether he had taken an appeal from a nonappealable order. Lopez-Flores filed a response. The respondents did not file a letter brief addressing the appealability of the order denying the request for joinder. As a result, this court entered an order deferring consideration of that issue.

## DISCUSSION

### I.     APPEALABILITY

#### A.     Contentions of the Parties

Lopez-Flores contends the order denying his motion for joinder should be regarded as "final" and, therefore, appealable because it effectively terminated his ability to seek relief in this proceeding.

The Department agrees, explicitly stating that the "order denying the request for joinder is appealable." The Department's position is based on the assertion that (1) the order denying Lopez-Flores's request for joinder is a final disposition of the litigation as to him and (2) "his only recourse is to appeal the denial of his request for joinder. (See *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736 [one who is denied the right to intervene can appeal the order denying intervention, not a subsequent order].)"

#### B.     Legal Principles

A party's right to appeal is conferred exclusively by statute. (Eisenberg, et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2012) ¶ 2:16, p. 2-14; see *In re Henry S.* (2006) 140 Cal.App.4th 248, 255 ["right to appeal is purely statutory"].) Code of Civil Procedure section 904.1 lists the judgments and orders that

6.

may be appealed in an unlimited civil case. Subdivision (a) of that section provides in part: "An appeal … may be taken from any of the following: [¶] (1) From a judgment, except (A) an interlocutory judgment [with certain exclusions not applicable here]…. [¶] (2) From an order made after a judgment made appealable by paragraph (1)."

Code of Civil Procedure section 904.1 has been interpreted to mean that "interlocutory" decrees are not appealable and "final" decrees are appealable. (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1216.) Generally, "it may be said where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." (*Lyon v. Goss* (1942) 19 Cal.2d 659, 670.)

When the foregoing view of finality is applied to an order denying a request to intervene, courts have concluded that the order operates as a final determination against the intervenor and, therefore, is appealable as a final judgment against him. (*Royal Indemnity Co. v. United Enterprises, Inc.* (2008) 162 Cal.App.4th 194, 202; 4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 222, p. 296.) Stated another way, denial of motion to intervene "finally and adversely determines the moving party's right to proceed in the action" and therefore is appealable. (*Hodge v. Kirkpatrick Development, Inc.* (2005) 130 Cal.App.4th 540, 547.)

C.    Order Denying Lopez-Flores's Postjudgment Joinder

Lopez-Flores's motion is labeled as a motion for joinder because of the way the mandatory forms and California Rules of Court applicable to family law cases are written. The first sentence of former California Rules of Court, rule 5.150 (the rule in effect when Lopez-Flores filed his motion) stated that a "person who claims or controls an interest subject to disposition in the proceeding may be joined as a party to the

7.

proceeding only as provided in this chapter."[2]  Who may seek the joinder of such a

person was addressed in former California Rules of Court, rule 5.154.  Subdivision (b) of

that rule stated that a "person who has *or claims* custody or physical control of any of the

minor children subject to the action … may apply to the court for an order joining himself

or herself as a party to the proceeding."[3]  (Italics added.)

In practical terms, Lopez-Flores's motion was an attempt by a nonparty to be

added to an existing lawsuit.  In this regard, the motion is the same as a motion to

intervene in civil litigation involving nonfamily law matters.  (See Code Civ. Proc., §

387, subd. (a) ["intervention takes place when a third person is permitted to become a

party to an action or proceeding"].)

As previously described, California case law holds that an order denying a motion

to intervene is appealable because it finally and adversely determines the movant's right

to proceed in the action.  (E.g., *Dollenmayer v. Pryor* (1906) 150 Cal. 1, 3.)  In the instant

case, the superior court's order denying joinder had the same consequences as an order

denying intervention—it effectively prevented Lopez-Flores from proceeding further in

this lawsuit.  Therefore, we conclude that (1) the precedent regarding the denial of

motions to intervene applies and (2) the superior court's order denying joinder is

appealable.

II.      STANDARD OF REVIEW

Appellate courts conduct an independent review of matters presenting questions of

law.  (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799.)  Therefore, any of the issues

---

[2]  This rule was repealed effective January 1, 2013, when California Rules of Court, rule 5.24 became effective.  The quoted language also appears in its first sentence.

[3]  This provision is now contained in California Rules of Court, rule 5.24(c)(2). (See Cal. Rules of Court, rule 5.24(b) ["claimant" includes an individual "seeking to be joined as a party to the family law proceeding"].)

presented by Lopez-Flores in this appeal that are questions of law will be subject to independent review.

In contrast, to the extent that Lopez-Flores's claims of reversible error involve matters committed to the superior court's discretion, we will apply an abuse of discretion standard of review. (See *In re Sutter Health Uninsured Pricing Cases* (2009) 171 Cal.App.4th 495, 513 [order denying leave to intervene reviewed under abuse of discretion standard]; *TG Oceanside, L.P. v. City of Oceanside* (2007) 156 Cal.App.4th 1355, 1366 [ruling on whether a person or entity is a necessary or indispensable party for purposes of joinder under Code Civ. Proc., § 389 is reviewed for an abuse of discretion].)

## III.  COMPULSORY JOINDER UNDER CODE OF CIVIL PROCEDURE SECTION 389

Lopez-Flores contends that he was entitled to compulsory joinder pursuant to Code of Civil Procedure section 389, subdivision (a). He relies on the statutory language that states a "person … shall be joined as a party in the action if … he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest …." (Code Civ. Proc., § 389, subd. (a).)

Lopez-Flores contends that "he claims an interest relating to the subject of the action" (Code Civ. Proc., § 389, subd. (a)) because the minor child's paternity is one of the subjects of the action and he claims the requisite interest based on his status as the biological father of the minor child.

In contrast, Lopez-Flores has not directly addressed the timing question presented by the statutory language that requires he be "so situated that the disposition of the action in his absence may … as a practical matter impair or impede his ability to protect" his interest as the biological father. (Code Civ. Proc., § 389, subd. (a).) This reference to a disposition that "may … impair or impede" concerns a disposition that will occur in the future. The language does not refer to a disposition that has previously impaired or

9.

impeded the movant's interests. Thus, we interpret the statutory language regarding mandatory joinder as referring to joinders that occur before the disposition. This interpretation is consistent with the general rule "that intervention is not permitted after judgment." (*Morton Regent Enterprises, Inc. v. Leadtec California, Inc.* (1977) 74 Cal.App.3d 842, 846.) For purposes of this appeal, however, we do not interpret Code of Civil Procedure section 389, subdivision (a) as creating an *absolute* rule of law that there can never be a mandatory postjudgment joinder. We will assume that there is an exception that provides for mandatory postjudgment joinder when circumstances warrant.

In the instant case, Lopez-Flores has not presented argument explaining why *postjudgment* joinder should be regarded as mandatory in this situation. For example, he has not argued that his joinder should be mandatory because it provides him with the only procedural mechanism for establishing his rights as the biological father of the minor child. To the contrary, he has indicated that he is pursuing a separate UPA action.

Lopez-Flores has cited *County of Los Angeles v. Sheldon P.* (2002) 102 Cal.App.4th 1337, a case where the county filed a complaint against the possible biological father of a minor girl. (*Id*. at p. 1340.) In that action, the county moved to set aside a voluntary declaration of paternity signed by another man. (*Id*. at p. 1339.) The trial court granted the motion to set aside the voluntary declaration of paternity and the biological father appealed that order. (*Ibid*.) The Court of Appeal noted that the order probably was not appealable, but deemed the notice of appeal as a petition for writ of mandate. (*Id*. at p. 1339, fn. 1.) The Court of Appeal issued a writ of mandate directing the trial court to vacate its order setting aside the voluntary declaration and conduct further proceedings. (*Id*. at p. 1348.) The court concluded that the man who signed the voluntary declaration of paternity should have been joined in the proceedings and given notice and an opportunity to be heard on the attempt to set aside his declaration. (*Id*. at pp. 1343-1344.) Therefore, *County of Los Angeles v. Sheldon P.*, *supra*, 102 Cal.App.4th 1337 stands for the proposition that when there is an attempt to set aside the voluntary

10.

declaration of paternity, the man who signed that declaration should be joined in the proceedings.

*County of Los Angeles v. Sheldon P.*, *supra*, 102 Cal.App.4th 1337 is distinguishable from the instant case because, among other things, it involved an ongoing action to establish the parental obligations. (*Id*. at p. 1339.) It did not involve a postjudgment joinder. Thus, the case does not establish the proposition that a man asserting an interest as a biological father is entitled to mandatory joinder in a lawsuit where a judgment of paternity was entered many years earlier.

In summary, we conclude that Lopez-Flores had failed to demonstrate that his postjudgment joinder was mandatory under Code of Civil Procedure section 389, subdivision (a). (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [appellant challenging an order must affirmatively demonstrate prejudicial error].)

IV.    JOINDER UNDER FAMILY CODE SECTION 7630

Lopez-Flores contends that his joinder is necessary and proper under Family Code section 7630.[4] The shortcoming of this position is that Family Code section 7630

---

[4] Family Code section 7630 provides in part:

"(a) A child, the child's natural mother, a man presumed to be the child's father under subdivision (a), (b), or (c) of Section 7611, an adoption agency to whom the child has been relinquished, or a prospective adoptive parent of the child may bring an action as follows:

"(1) At any time for the purpose of declaring the existence of the father and child relationship presumed under subdivision (a), (b), or (c) of Section 7611.

"(2) For the purpose of declaring the nonexistence of the father and child relationship presumed under subdivision (a), (b), or (c) of Section 7611 only if the action is brought within a reasonable time after obtaining knowledge of relevant facts. After the presumption has been rebutted, paternity of the child by another man may be determined in the same action, if he has been made a party. [Fn. cont.]

11.

addresses "who may bring an action" for determining or declaring the existence of a father and child relationship. Family Code section 7630 does not address who may bring a motion for mandatory joinder or intervention. Consequently, Lopez-Flores's reliance on Family Code section 7630 fails to establish that joinder was *required* in this case.

Lopez-Flores also addresses the separate issue of standing. He argues that Family Code section 7630 provides him with standing to bring an action to establish his parental rights. This standing argument would be relevant if we had determined that joinder was mandatory and proceeded to the question of standing. However, we have determined that Lopez-Flores failed to demonstrate that his postjudgment joinder was mandatory and, therefore, need not reach the question of standing. Because we have not decided the question of standing, our disposition of this appeal will not operate as res judicata in Lopez-Flores's separate UPA action.

## V. EQUITABLE MOTION TO SET ASIDE THE JUDGMENT

Lopez-Flores also argues that the superior court should have set aside the judgment of paternity based on the merits of his extrinsic fraud argument.

This argument was presented in the event that we determined that joinder was mandatory and also determined that Lopez-Flores had standing. Because we have resolved the threshold question of joinder against Lopez-Flores, we need not address the merits and equities raised by his request to set aside the judgment. We note that the superior court also did not reach the merits of his extrinsic fraud argument.

---

"(b) Any interested party may bring an action at any time for the purpose of determining the existence or nonexistence of the father and child relationship presumed under subdivision (d) or (f) of Section 7611."

VI. SUMMARY

Lopez-Flores has not demonstrated that his postjudgment joinder in the child support action filed by the Department was mandatory. Therefore, he has not shown that the superior court's denial of his motion for joinder was error.

Lopez-Flores has not relied on the provisions addressing permissive joinder or intervention and asserted that the trial court abused its discretion in applying those provisions. Consequently, we have not addressed whether he demonstrated error under the deferential abuse of discretion standard.

## DISPOSITION

The order denying the motion for joinder is affirmed. The Department shall recover its costs on appeal.

_____
Franson, J.

WE CONCUR:


_____
Levy, Acting P.J.


_____
Kane, J.

13.